UNITED STATES, Appellee,

v.

**Richard L. SILAS, Seaman Recruit, U. S. Navy, Appellant.**

No. 28,885.

U. S. Court of Military Appeals.

April 4, 1975.

*Lieutenant Commander Jeffrey H. Bogart*, JAGC, USN, argued the cause for Appellant, Accused.

*Lieutenant Thomas L. Earp*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress*, USMC.

OPINION OF THE COURT

FERGUSON, Senior Judge:

In an otherwise comprehensive and straightforward post-trial review recommending affirmance of the findings of guilty and sentence of a special court-martial, the staff judge advocate to the general court-martial authority speculated that the credibility of two defense witnesses "may have been motivated" by their racial identification with the accused. The reviewing authority affirmed the findings of guilty and the sentence, as recommended by his staff judge advocate. On further review, the Court of Military Review determined that the speculative statement introduced an "improper factor" for assessment of the credibility of the witnesses, and, therefore,

remanded the record for a new review and action.

Between the initial review and the Court of Military Review's remand, a different judge advocate was appointed staff legal officer to the reviewing authority. Except for deletion of the passage speculating as to the motivation of the defense witnesses, the review, in its essential particulars, was identical to the original. With modifications recommended in the new review, the general court-martial authority again approved the conviction. That approval was affirmed by the Court of Military Review.

 Unless the contrary appears in the record, presumptively, a reviewing authority acts on a case for the reasons explicated in the post-trial review of the staff judge advocate. *United States v. Owens*, 15 U.S. C.M.A. 591, 592, 36 C.M.R. 89, 90 (1966). The new review in this case makes no mention of the offending speculation that impelled the Court of Military Review to remand, but the similarity between the two reviews could hardly fail to remind the commander of the racial bias implication of the original review. Mindful that law, policy, and conscience, stand opposed to racial bias in the performance of Government action, we doubt that the staff judge advocate and the general court-martial authority weighed that factor in their respective judgments. Still, an "appearance of evil" can leave an imprint as ineradicable as the evil itself. *United States v. Deain*, 5 U.S.C. M.A. 44, 17 C.M.R. 44 (1954). In our opinion, even the barest appearance of a racial bias taint in the record must be eliminated.

The decision of the Court of Military Review is reversed, and the action of the supervisory authority is set aside. The record of trial is returned to the Judge Advocate General of the Navy for submission to a different, competent general court-martial authority for further proceedings consistent with this opinion. For those proceedings, the accused should be accorded the right to counsel, as provided in Article 38(b), Uniform Code of Military Justice, 10 U.S.C. § 838, and a copy of the new post-trial review should be served upon such counsel as the accused obtains. *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

Judge COOK concurs.

Judge QUINN did not participate in the decision of this case.