## UNITED STATES

v.

**Forbert J. ANTOINE, 550 88 8534, Private (E–1), U. S. Marine Corps.**

**NCM 75 1821.**

U. S. Navy Court of Military Review.

31 Oct. 1975.

DECISION

PER CURIAM:

Pursuant to his plea of guilty, appellant was convicted of unauthorized absence for 14 days in violation of Article 86, UCMJ, 10 U.S.C. § 886. After receiving evidence of three prior special courts-martial, the military judge sentenced him to a bad conduct discharge, confinement at hard labor for three months, and forfeiture of $220.00 pay per month for three months. Intermediate reviewing authorities approved.

Our review discloses that a copy of the written review required by Article 65(b), U.C.M.J., has not been served in this case on counsel for the accused, with an opportunity afforded him to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment, in compliance with the mandate of *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). A notation included in the record that the detailed defense counsel had been transferred to an overseas location is advanced as the reason why no receipt for service of the staff judge advocate's review is included. Transfer of the defense counsel to a distant location provides no basis for not complying with the specific direction of *Goode, supra.* In the normal situation, a copy of the review should be forwarded to the appointed trial defense counsel and the date of receipt documented. If that is infeasible, the accused should be accorded the right to counsel, as provided in Article 38(b), U.C.M.J., and a copy of the review should be served upon such counsel, to enable him to submit comments or waive error in the review by failure to do so. *United States v. Goode, supra; United States v. Silas,* 23 U.S.C.M.A. 371, 50 C.M.R. 5, 1 M.J. 7 (1975). Under the particular facts of this case, however, we consider it inadvisable for the review to be served on appointed trial defense counsel.

In view of the lack of opportunity for the defense counsel to correct, challenge or comment on the written review, we deem any error in the review not waived. In *United States v. Schooler,* 1 M.J. 674

Before CEDARBURG, WRAY and FULTON, JJ.

**1170**

No. 75 1794 (N.C.M.R. 14 October 1975), we said:

> "We do not intimate that in an appropriate case of noncompliance with *Goode* we would not return an erroneous review for service upon counsel and a new action by the reviewing authority, or that we would not consider ourselves impelled by *Goode's* concern with expedition to undertake corrective action to extirpate the effect of the error ourselves."

We believe the *Schooler caveat* applies, and we therefore will return the case for a new review, service upon counsel, and a new action.

We think the review was erroneous in the following particulars:

1.  Most significantly the review failed to comment on the disparity between Appellate Exhibit 1 and what happened at trial. The exhibit indicates appellant does not desire to return to duty and advises defense counsel not to argue for retention in the Marine Corps. The exhibit is contrary to appellant's trial statements and defense counsel's trial argument.

2.  The supervisory authority was not told to completely disregard the four nonjudicial punishments from a prior enlistment, *Cf. United States v. Turner*, 21 U.S.C.M.A. 356, 45 C.M.R. 130 (1972).

3.  The review advises the supervisory authority:

    "On acting on the sentence you are empowered to approve only such part or amounts as you find correct in law and fact and as you in your absolute discretion *for any or no reason* determine to be appropriate." [Emphasis supplied.]

4.  The review states the appellant's proficiency and conduct marks are unavailable. Such marks are on page 11 of the record.

5.  The review shows nonjudicial punishment for an unauthorized absence from 2 August 1974 to 6 November 1974. Appellant was convicted by prior special court-martial for an un-

authorized absence from 2 August 1974 to 6 November 1974.

We conclude there was a fair risk of prejudice to appellant from the cumulative effect of the foregoing errors.

In accordance with the teachings of *United States v. Goode, supra,* the staff judge advocate's review and action of the supervisory authority are set aside. The record of trial is returned to the Judge Advocate General of the Navy for return to the supervisory authority for a new review and action or for such other action not inconsistent with this opinion. Any new review will be served on counsel for the accused, other than the trial defense counsel, in accordance with *United States v. Silas, supra.*