UNITED STATES

v.

Cornelius REED, 291 54 3870 Private (E–1) U. S. Marine Corps.

NCM 75 1731.

U. S. Navy Court of Military Review.

Sentence Adjudged 24 Jan. 1975.

Decided 18 Dec. 1975.

Appearances: CAPT Eugene A. Ritti, USMCR, Appellate Defense Counsel. LCDR Harvey E. Little, JAGC, USN, Appellate Government Counsel.

## DECISION

WRAY, Senior Judge:

In a contested trial to a special court-martial military judge appellant, Private Cornelius Reed, U.S. Marine Corps, was found not guilty of some of the charges and convicted: of a disobedience offense and an offense of disrespect under Charge I in violation of Article 91 Uniform Code of Military Justice, 10 U.S.C. § 891; and of two wrongful threat offenses under Charge III in violation of Article 134, UCMJ, 10 U.S.C. § 934. The adjudged sentence consisted of a bad conduct discharge, confinement at hard labor for three months, and forfeiture of $200.00 pay per month for three months. This sentence has been approved by both the convening authority and also by the supervisory authority who prematurely and contingently directed execution of the sentence affirmed upon appellate review.

Appellant contends the written review of the staff judge advocate to the supervisory authority is ". . . prejudicially incomplete, erroneous and misleading . . ." with respect to some of the evidence presented by the defense concerning the disobedience offense, specification 1 of Charge I, and that the supervisory authority was therefore inadequately advised and could not make a properly informed determination of appellant's guilt or innocence with respect to this specification. He asks that the guilty finding of this specification be overturned, the specification dismissed, and the sentence reassessed.

■ We find the asserted deficiency in the review to have been waived by counsel and that appellant is entitled to no relief.

Specification 1 of Charge I alleged that appellant willfully disobeyed the order of a gunnery sergeant to "police up the area." The testimony of the gunnery sergeant was presented by the prosecution in support of appellant's disobedience. The defense evidence with respect to this alleged offense consisted of the testimony of two witnesses.

Although appellant acknowledges that the staff judge advocate's review contains a summary of the testimony of all three of these witnesses, he asserts that numerous "prior defense statements elicited from one of the defense witnesses were left unmentioned in the review." Moreover, he contends the staff judge advocate improperly classified a mere working relationship between the other defense witness and appellant, who had performed military duties together, as one of friendship and unfairly attributed to this witness a motive to slant his testimony to protect appellant after incorrectly characterizing this witness as appellant's good friend.

Although we are inclined to disagree with appellant that the defense evidence was not adequately summarized and fairly treated in the review, we do not rest our decision on that basis.

The review of the staff judge advocate was completed and signed on 13 June 1975. At 0840 on 16 June, trial defense counsel receipted for a copy of the review and two days later he certified the following:

"DEFENSE COUNSEL'S RESPONSE TO SJA REVIEW

I have read the record of trial and the Staff Judge Advocate's Review in the case of *United States v. Private Cornelius Reed*, and I have no comments to include concerning the review.

Date: *18 June 1975*

/s/ —————

Defense Counsel"

This certification of trial defense counsel together with the written review of the staff judge advocate and the trial record was then submitted to the supervisory authority. On 20 June 1975 the supervisory authority took his action and approved the guilty findings and the sentence as acted upon by the convening authority.

The action of the supervisory authority was consistent with the recommendations contained in the review of his staff judge advocate. Of course, the supervisory authority had received no advice other than that of his staff judge advocate. Trial defense counsel, although given an opportunity to do so, had not found any fault with the review and had no comment to make with respect to it. In taking his action the supervisory authority could therefore rely upon the written review since there simply was no defense opposition to it.

■ Appellate orderliness and informed decision-making by an author who must act on a trial record are among the benefits to be derived from serving an accused's counsel with a copy of the staff judge advocate's review and permitting him to correct, challenge or comment upon the review. And, counsel's failure ". . . to take advantage of this opportunity within 5 days of [such] service upon him will normally be deemed a waiver of *any* error in the review." [Emphasis supplied.] *United States v. Goode,* 23 U.S.C.M.A. 367, 370, 50 C.M.R. 1, 4, 1 M.J. 3, 6 (1975).

We find no good reason not to deem trial defense counsel's certification of 18 June 1975 an absolute, complete and unequivocal waiver of any error in the review. He certified that he had read both the record and the review. He had worked with appellant in advance of trial and during the trial. He was therefore in an ideal and unique position to evaluate the review because of this extensive professional participation in the case and, as well, the familiarity with the trial record he gained having read it. His certification "no comments," executed *only two days* after he was served with a copy of the review, therefore indicates his professional satisfaction with the completeness, accuracy, and fairness of the written review—a professional determination he made expeditiously.

That the supervisory authority in taking his action should have been able to and did rely upon such timely representation by trial defense counsel, there is no doubt.

Notwithstanding trial defense counsel's "no comments" certification of 18 June, two months later, on 19 August, he executed an affidavit in which he denigrates his certification, stating, in essence, that the press of other business permitted him to give the staff judge advocate's ". . . review and [also the] record of trial [only] a cursory examination. . . ."

We reject this attempt to detract from the clear, unambiguous, and absolute defense waiver presented to the supervisory authority and upon which the supervisory authority relied in taking his action.

■ To permit trial defense counsel to recant the defense position of unequivocal waiver by means of an after-action affidavit would have only destructive consequences for our system of justice. An authority who is to act on a record must be able to rely upon the written representation of counsel who states that there is no defense comment and need not pursue counsel to inquire whether counsel actually means what he has certified, or means something different than what he has represented by his certification.

*Orderliness of judicial process and timely, informed decision-making require nothing less.*

The affidavit of trial defense counsel which could be construed as his admission to at least professional misfeasance in failing to carry out his duty to protect appellant's interests, also reflects his apparent professional rejection of the binding *Goode* rule of the United States Court of Military Appeals which he refers to as senseless:

"With the Manual for Courts-Martial's provisions for appellate review of all cases involving punitive discharges, it seems to be a senseless duplication of effort to require the accused's detailed defense counsel to submit a brief regarding those areas of the review with which he takes issue. . . ."

For such time in the future that trial defense counsel, currently a member of the bar, may continue to practice military law, there should be no doubt that his certifica-

tions will be accurate and that the law of the United States Court of Military Appeals will be followed notwithstanding his personal displeasure with any aspect of it that individually, may find "senseless."

Having found pre-supervisory authority action waiver to the asserted errors in the review concerning the defense evidence with respect to specification 1 of Charge I, we conclude appellant is entitled to no relief with respect to this disobedience offense.

■ The premature, anticipatory and contingent order of sentence execution contained in the action of the supervisory authority is void and of no legal force or effect.

The findings of guilty and the sentence as otherwise approved on review below are affirmed.

Judge LAPPIN concurs.

FULTON, Judge (concurring/dissenting):

Trial defense counsel states that he gave the staff judge advocate's review "a cursory examination." *See United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). "Cursory" means "rapidly, often superficially performed with scant attention to detail." Webster's Third New International Dictionary (1971 ed.) p. 558. Our code of responsibility requires more of trial defense counsel. *See* DR6–101 Failing to Act Competently; JAG Manual, Sec. 0142, p. 1–48. In my opinion there has not been compliance with *Goode, supra.* Hence, any errors in the review have not been affirmatively waived.[1]

I have examined the review and record of trial for error prejudicial to the appellant. Appellant contends the supervisory authority should have been advised that Hospitalman Third Class Douglas testified he did not see appellant disobey an order of Gun-

nery Sergeant Maddux. *See United States v. Cruse*, 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972). I agree and would elect to set aside and dismiss the findings of guilty to specification 1 of Charge I to cure this error. The sentence must be reassessed.

Trial defense counsel does not like the *Goode* rule. His displeasure is in my view unfortunate and demonstrates a misunderstanding of the rule's basis. We stated in *United States v. Schooler*, 1 M.J. 674 (N.C. M.R.1975):

"We believe *Goode* encourages resolution, as far as possible, of all questions regarding the staff judge advocate's review at the level of the reviewing authority. Service of the review upon counsel for the accused will thus enable him to take steps to correct or clarify matter in the review before it reaches the hand of the reviewing authority, thus eliminating the prejudicial aspect of the erroneous material before this client can be harmed thereby. This will further safeguard his 'first and perhaps best opportunity to have his sentence tempered by mercy and to obtain an additional chance to prove his worth to his service, and his country,' *United States v. Lacey*, 23 U.S.C.M.A. 334, 336, 49 C.M.R. 738, 740 (1975). Prejudicial misstatements by the staff judge advocate will be defused at a time when corrective action may be taken. . ."

I join in affirming the remaining findings and upon reassessment the sentence approved below.

---

1. In *United States v. Nicholls*, No. 75 1651 (N.C.M.R. 24 November 1975) Judge Evans stated:

"It is expected all trial defense counsel will comply with the Court's order as it pertains to them in a workmanlike manner. Since there was not a meaningful inspection of the legal review it is not necessary to decide whether the error was waived. It is unthinkable to consider an appellant would lose a valuable post-trial right because of the dereliction of his counsel. This was undoubtedly the reason the word 'normally' appears in the *Goode* order."