## UNITED STATES

v.

**Sherland W. ROBINSON 382 50 1737 Private (E–2) U. S. Marine Corps.**

**NCM 74 2042.**

U. S. Navy Court of Military Review.

Sentence Adjudged 13 Feb. 1974.

Decided 11 March 1976.

Appearances: LT Robert A. DiBiccaro, JAGC, USNR, Appellate Defense Counsel LTJG Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

### DECISION

MALLERY, Judge:

Appellant was convicted, contrary to his pleas, by general court-martial military judge sitting alone of a total of six specifications of sale, transfer, and possession of marijuana. He was sentenced to a bad conduct discharge, confinement at hard labor for 20 months, and forfeiture of all pay and allowances. The convening authority approved the findings and sentence but suspended the bad conduct discharge, the confinement in excess of ten months, and the forfeitures in excess of confinement actually served.

Appellant now asks us to set aside the findings and sentence and dismiss the charge and specifications. He bases his request on two assignments of error as follows:

I. The Court-Martial was without jurisdiction over appellant.

II. The government failed to comply with the mandate of *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

In support of his first assignment of error, appellant argues that the court-martial was without jurisdiction over him for the following reasons:

A. Appellant's enlistment is void because he was disqualified under provisions of the Marine Corps' Military Personnel Procurement Manual, MCO P1100.61c.

B. Appellant's enlistment was void because it was not voluntary.

Neither of appellant's assignments of error has merit.

The essential facts are uncontroverted. Appellant was convicted of burglary in California in 1969 and was placed on three years probation after serving 90 days in pretrial confinement. In 1970, prior to his enlistment, appellant had repeatedly failed to keep his appointments with his probation officer as he was required to do and had been warned both orally and in writing by that officer. In December 1970, appellant learned, in a conversation with his probation officer, that his probation could be terminated if he were to enlist in the armed forces. Appellant then contacted a Marine Corps recruiter who, in turn, contacted the probation officer. Later, upon the recommendation of the probation officer, appellant's probation was terminated on 30 December 1970. On 11 January 1971, appellant enlisted in the United States Marine Corps. In his NAVMC 136 form, *Examination of Applicant by Recruiting Officer*, which had been signed by appellant and by the recruiting officer prior to appellant's enlistment, appellant fully revealed his entire criminal record, including two other convictions. Further, that form had, prior to appellant's enlistment, been endorsed by the Director, 12th Marine Corps District, authorizing the enlistment. That authorization did not comply, however, with the provisions of MCO P1110.61c, *Marine Corps Military Personnel Procurement Manual*. Paragraph 2110.1g of that directive provides, *inter alia*, as follows:

> Applicants who have one or more felony convictions . . . and who have no prior Marine Corps service . . . are not eligible for enlistment *without prior approval from the Commandant of the Marine Corps (Code DP)* [emphasis added].

Further, paragraph 2111.2d of that directive classifies burglary, the crime involved here, as a felony.

Thus, it is apparent that the Marine Corps failed to comply with its own directive in connection with appellant's enlistment. However, there is no evidence, whatsoever, of any dishonesty, subterfuge, or misconduct of any kind on the part of any member of the Marine Corps in connection with that enlistment. All of the facts concerning appellant's criminal background were fully disclosed on the record prior to his enlistment. The only error committed by the Marine Corps was to approve appellant's enlistment at the wrong level, at Marine Corps District level rather than Headquarters Marine Corps level.

■ The first question for this Court is whether or not the Marine Corps' failure to comply strictly with its own regulation rendered appellant's enlistment void and thus deprived the court-martial of jurisdiction to try him. Appellant insists that *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975), has just that effect. *Also see United States v. Barrett*, 24 U.S.C.M.A. 474, 50 C.M.R. 493, 1 M.J. 74 (1975); *United States v. Muniz*, 23 U.S.C.M.A. 530, 50 C.M.R. 669, 1 M.J. 151 (1975); and *United States v. Burden*, 23 U.S.C.M.A. 510, 50 C.M.R. 649, 1 M.J. 89 (1975). We disagree. In *Russo*, and each of the other cases cited, the appellant was absolutely disqualified from legally enlisting in the armed forces and was enabled to fraudulently enlist only through misconduct on the part of the recruiter. In the instant case, appellant was not absolutely disqualified from enlisting. He was simply ineligible without prior approval from the Commandant of the Marine Corps. To put the matter another way, he was conditionally eligible to enlist. Further, as indicated above, there was absolutely no evidence of misconduct on the part of the recruiter, and no hint of fraudulent enlistment.

■ The issue, therefore, becomes whether or not the Marine Corps' failure to approve appellant's enlistment at the proper level renders his enlistment void. We think not. Any regulation which prohibits an armed forces recruiter from enlisting a convicted felon without prior approval of some kind from a higher headquarters is clearly for the benefit of the felon as well as the armed force. *United States v. Catlow*, 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974); *United States v. Russo, supra*. However, in this case, that portion of the regulation which

prescribes which higher headquarters will issue the prior approval is clearly for the benefit of the Marine Corps and not for the benefit of the prospective enlistee. It is impossible to imagine how appellant could have been benefited in any way by having his application for enlistment screened at Headquarters Marine Corps rather than at the 12th Marine Corps District Headquarters.

It was clearly the prerogative of the Commandant of the Marine Corps, in MCO P1110.61c, the *Marine Corps Military Personnel Procurement Manual,* to require that all approvals of enlistments in the Marine Corps of convicted felons be made by certain designated personnel at Headquarters Marine Corps (In this case, Code DP). There are obviously sound reasons for such a requirement, not the least of which is the desirability of establishing uniform standards for such enlistments throughout the Marine Corps. However, in this case, there is no reason to believe that appellant's application for enlistment would not have been approved had it been forwarded to Headquarters Marine Corps rather than the 12th Marine Corps District. *Hindsight is always 20/20; foresight frequently needs optical assistance.* In general, there is no reason to suppose that more (or poorer quality) convicted felons would be enlisted if the decision whether or not to enlist them were always made at Marine Corps District Headquarters rather than at Headquarters Marine Corps. If such decentralization of authority were effectuated, the only probable result would be lack of uniformity between Marine Corps Districts. Some districts would probably exercise stricter standards than Headquarters Marine Corps and some more lenient standards. In summary and to reiterate, that provision in MCO P1110.61c which requires that all enlistments of convicted felons be approved by Headquarters Marine Corps is solely for benefit of the Marine Corps and not for appellant. That provisions is in no way incorporated by reference or implication into appellant's enlistment contract. *See United States v. Huddleston,* 50 C.M.R. 99, 103 (A.C.M.R.1975) and *United States v. DeVille,* 49 C.M.R. 263, 265 (A.C.M.R.1975).

Appellant also argues that his enlistment was void *ab initio* because it was not voluntary and cites *United States v. Catlow, supra,* as authority. We disagree. Whatever may have been in his inner mind, there was absolutely no compulsion whatsoever for appellant to enlist. His *probation was terminated on 30 December 1970,* and he *did not enlist* until *11 January 1971.* There was nothing anyone could do to compel him to enlist at that point, and there was nothing anyone could do to him if he failed to enlist.

Thus, appellant's enlistment was valid and the court-martial had jurisdiction to try him.

## II.

Appellant is entirely correct in asserting that the *Government failed to comply* with the mandate of *United States v. Goode,* 23 U.S.C.M.A. 367, 370, 50 C.M.R. 1, 4, 1 M.J. 3, 6 (1975) and *United States v. Silas,* 23 U.S.C.M.A. 371, 50 C.M.R. 5, 1 M.J. 7 (1975). Clearly, the Staff Judge Advocate erred in failing to ensure that a copy of his review of the *DuBay* hearing into the issue of jurisdiction over appellant was served on appellant. However, there are no discernible errors in said review and no discernible prejudice to appellant arising from the failure to deliver a copy to him. No remedial action is required. *United States v. Schooler,* 1 M.J. 674 (N.C.M.R. 1975); *United States v. Love,* No. 75 2299 (N.C.M.R. 18 November 1975).

We conclude that appellant's assignments of error are without merit. Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.

Senior Judge EVANS and Judge GREGORY concur.