UNITED STATES

v.

**John C. CRAWLEY, 227 70 0013, Lance Corporal E–3, U. S. Marine Corps.**

NCM 77 0280.

U. S. Navy Court of Military Review.

6 April 1977.

CDR A. W. Eoff II, JAGC, USN, Appellate Defense Counsel.

LCDR N. P. DeCarlo, JAGC, USN, Appellate Government Counsel.

Before MURRAY, MALLERY and GREGORY, JJ.

GREGORY, Judge:

Contrary to his plea, appellant was convicted at a special court-martial bench trial of an unauthorized absence of approximately 15 months. He was sentenced to a bad conduct discharge, confinement at hard labor for 4 months, forfeiture of $200.00 per month for 4 months, and reduction to pay grade E–1. The convening authority reduced the confinement to 22 days, but otherwise approved the sentence as adjudged. The supervisory authority approved the

sentence as approved by the convening authority.

In his single assignment of error, appellant contends that the staff judge advocate failed to comply with the provisions of *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), in that a copy of the staff judge advocate's post-trial review was served on a counsel who was not familiar with either the appellant or his case. We concur in appellant's contention; however, we do not believe he has been prejudiced in this instance.

The record of trial indicates that the detailed military defense counsel who had represented appellant at trial was on leave when the post-trial review was completed. In an apparent attempt to expedite the completion of review, a copy of the post-trial review was served on another Marine Corps lawyer assigned to the El Toro Law Center. This substituted counsel offered no substantive comments concerning the review, but instead merely advised the staff judge advocate by letter:

> "I am not Lance Corporal Crawley's defense counsel. I do not know the Marine nor am I familiar with any aspect of his case."

The supervisory authority subsequently took action on the record of trial without the benefit of any additional comments from either the counsel who defended appellant at trial or the substituted counsel.

The purpose of *Goode* service is to afford the accused, through his counsel, an opportunity to correct or challenge any matter in the staff judge advocate's review which may be erroneous, inadequate, or misleading. Whenever possible, the copy of the review should be served on the counsel who represented the accused at trial. He is in the best position, in the normal course of events, to recall what occurred at trial and to correct or challenge defects in the staff judge advocate's review. A problem arises, however, when the trial defense counsel is not available to receive, review, and respond to the staff judge advocate's review. In cases where the trial defense counsel is unavailable and completion of review will

be unduly delayed, we have previously indicated it would be appropriate to have another defense counsel appointed to perform the functions required by *Goode*. *United States v. Cletcher*, No. 75 2173 (N.C.M.R. 23 October 1975); *United States v. Smith*, No. 75 1927 (N.C.R.M. 26 March 1976), *pet. den.* No. 32,520 (U.S.C.M.A. 26 July 1976); *United States v. Offenheiser*, No. 76 1984 (N.C.M.R. 19 November 1976). *See also United States v. Silas*, 23 U.S.C.M.A. 371, 50 C.M.R. 5, 1 M.J. 7 (1975).

A concomitant problem to appointment of a substitute counsel to accept *Goode* service is the question whether establishment of a true attorney-client relationship is also required, including acceptance by the appellant of the new counsel. This point has not been specifically addressed by this Court. The question has been addressed, however, by different panels of the Army Court of Military Review with differing conclusions. In *United States v. Miller*, 51 C.M.R. 829, 2 M.J. 767 (A.C.M.R.1976), one panel of the Army Court held that the same strict standards applicable to substitution of defense counsel prior to or during trial applied to substitution of counsel in the post-trial review stage; and that the same precise technical procedures for appointing counsel likewise applied. This decision declined to follow that of another panel of the Army Court in *United States v. Iverson*, 51 C.M.R. 736, 2 M.J. 489 (A.C.M.R.1975). *Iverson* involved a situation where the trial defense counsel was at one installation, the staff judge advocate and convening authority at a second installation, and the appellant at still a third. Under these circumstances, the Army Court in *Iverson* held that the appointment of a new defense counsel at the second installation to represent appellant during the post-trial review proceedings was a reasonable, good faith alternative to service of the review on the original trial defense counsel.

In our view, the "reasonable, good faith alternative" approach taken in *Iverson* is the appropriate position in cases where trial defense counsel is "unavaila-

ble." As noted by Judge Donahue in *Iverson*, the mere refusal by an accused person to enter into a post-trial attorney-client relationship "would throw the proverbial monkey wrench into the machinery of justice." In those cases where substituted counsel is designated, however, we believe the record of trial should clearly establish that the trial defense counsel is truly "unavailable" (e. g. release from active duty, permanent change of station out of the area, extended leave, extended illness) and that a real necessity exists for appointment of substitute counsel (e. g. undue delay in completion of review, violation of the mandate of *Dunlap* or *Brewer*).[1] We believe this approach also comports with the strong views concerning post-conviction representation of an accused expressed by the Court of Military Appeals in *United States v. Palenius*, 25 U.S.C.M.A. 222, 54 C.M.R. 549, 2 M.J. 86 (1977).

In the case, *sub judice*, however, the record of trial does not clearly establish the unavailability of trial defense counsel or the necessity for proceeding in his absence. The record merely indicates the trial defense counsel was "on leave" without further information as to the date when his leave was to expire or whether he was even out of the area. In addition, the record indicates a *Dunlap/Brewer* problem was not extant because the appellant was no longer in confinement and, in fact, had been placed on appellate leave. Under the information available, we are unable to state in this case that appointment of substitute counsel to represent appellant was a "reasonable, good faith alternative" to service of the post-trial review on the trial defense counsel.

Even if the record of trial were sufficient to establish the necessity for substituted counsel in this case, we believe the staff judge advocate should have taken further measures to see that the spirit and mandate of *Goode* were met. Upon receipt of substituted counsel's unsatisfactory reply, the staff judge advocate should have

directed counsel to make himself familiar with Lance Corporal Crawley and his case and should have ensured this was done before submitting the case for action by the supervisory authority. If additional time was required by the substitute counsel to complete his review of the record of trial and the post-trial review, a request for a reasonable enlargement of time should have been afforded favorable consideration. (Such an enlargement would probably not have been necessary in the case of this 37-page record of trial and 7-page review). We are also obligated to state that, while we recognize substituted counsel was undoubtedly attempting to frame an issue for consideration on appeal, we view his means of accomplishing this as rather unprofessional. The issue of whether substitution of counsel was permitted during the post-trial review process could just as easily have been preserved while counsel was also rendering meaningful assistance to a client represented at trial by a fellow defense counsel.

Although the mandate of *Goode* has not been complied with in this case, we do not find that this error has resulted in any prejudice to the appellant. In *United States v. Schooler*, No. 75 1794, 1 M.J. 674 (N.C.M.R. en banc 14 October 1975), *pet. den.* No. 31,467 (U.S.C.M.A. 18 February 1976), this Court confronted the problem of noncompliance with *Goode* and held:

The situation that *Goode* is intended to remedy, then, is the staff judge advocate's review that is erroneous or misleading. The Court of Military Appeals adverted to counsel for the accused's opportunity "to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment." *We do not read this language to mean that a failure to serve counsel with an error-free review must be remedied because there may be non-erroneous, adequate and not-mislead-*

---

1. *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974); *United States v. Brewer*, 24 U.S.C.M.A. '47, 51 C.M.R. 11, 1 M.J. 233 (1975).

*ing* commentary upon which counsel wishes to comment. [Id., slip opinion at 7; emphasis added].

We have carefully examined the record of trial and have found no prejudicial error. In addition, we have examined the staff judge advocate's review and detect nothing erroneous, inadequate, or misleading. Under the reasoning set forth in *United States v. Schooler, supra,* we find no cause to return this record of trial and post-trial review for examination and possible comment by counsel for the accused. *Accord United States v. Wallace,* 54 C.M.R. 876, 2 M.J. 1087 (A.C.M.R.1976), and *United States v. Vielleux,* 1 M.J. 811 (A.F.C.M. R.1976).

Accordingly, the findings of guilty and the sentence, as approved on review below, are affirmed.

Senior Judge MURRAY and Judge MALLERY concur.