UNITED STATES

v.

Gerald V. TAYLOR, 408 04 1355, Private (E–1), U.S. Marine Corps.

NCM 76 1004.

U. S. Navy Court of Military Review.

22 July 1977.

LT Paul C. Hurdle, III, JAGC, USNR, Appellate Defense Counsel.

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel.

CAPT J. F. Smith, USMCR, Appellate Defense Counsel.

Before NEWTON, Senior Judge, and MALLERY and GLADIS, JJ.

GLADIS, Judge:

Contrary to his pleas appellant was convicted of striking a noncommissioned officer, disobeying a noncommissioned officer, disrespect toward a noncommissioned officer, assaulting a noncommissioned officer, assault and battery, disrespect toward a Second Lieutenant, and willful disobedience of an order in violation of Articles 91, 128, 89 and 90, UCMJ, 10 U.S.C. §§ 891, 928, 889, 890. His sentence provides for a bad conduct discharge, confinement at hard labor for 4 months, and forfeiture of $240 per month for 4 months.

When the record was initially before this Court for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866, appellant argued that he was erroneously denied requested individual military counsel with whom he had formed an attorney-client relationship. *See United States v. Catt,* 23 U.S.C.M.A. 422, 428, 50 C.M.R. 326, 332, 1 M.J. 41, 48, (1975). We remanded the case to the convening authority with the option of referring the case to a special court-martial for a hearing before a military judge to determine whether an established attorney-client relationship had been severed without good cause by denial of requested counsel. *United States v. Taylor,* No. 76 1004 (N.C.M.R. 10 September 1976). A hearing was subsequently held at which the military judge found that no attorney-client relationship existed.

The case is before us again and appellant assigns the following errors:

I. THE CONVENING AUTHORITY AND THE MILITARY JUDGE ERRONEOUSLY DENIED APPELLANT'S REQUESTED INDIVIDUAL MILITARY COUNSEL WITH WHOM APPELLANT HAD FORMED AN ATTORNEY–CLIENT RELATIONSHIP.

II. APPELLANT WAS DENIED A SPEEDY *DUBAY* HEARING.

III. THE *DUBAY* HEARING LACKED JURISDICTION.

IV. THE ORIGINAL STAFF JUDGE ADVOCATE'S REVIEW PREJUDICIALLY FAILS TO FAIRLY SUMMARIZE THE TESTIMONY OF SERGEANT TANAKA.

V. TO HIS SUBSTANTIAL PREJUDICE, APPELLANT WAS NOT GIVEN AN OPPORTUNITY TO REBUT OR CHALLENGE THE STAFF JUDGE ADVOCATE'S REVIEW.

We find no prejudice and affirm.

I

In November 1975, Lieutenant Kelly, the defense counsel in another case, interviewed appellant as a witness at Camp Fuji, Japan. Although the evidence is conflicting we find that appellant discussed briefly with him the subject of an Article 15 proceeding at which charges against appellant had been dismissed and subsequently resurrected. Lieutenant Kelly told appellant he would help him as much as he could, probably in an Article 15 appeal, and gave him a business card. The subject matter involved three of the seven specifications of which appellant now stands convicted. Most of the remaining offenses occurred after the interview. On 15 December 1975 appellant was informed of the sworn charges and, indicating he had talked over his case with Lieutenant Kelly, requested him as individual military counsel. Appellant had returned to Okinawa, Lieutenant Kelly to his permanent duty station at Yokosuka, Japan. Lieutenant Kelly's commanding officer determined that he was not available because of his workload.

The issue is whether an attorney-client relationship was established which entitled appellant to be represented by Lieutenant Kelly in the absence of good cause for denial of his services. The severance of an existing, viable attorney-client relationship without good cause dictates reversal regardless of the amount of prejudice sustained. *United States v. Catt, supra.* Circumstances which would justify the denial of the services of requested defense counsel on the basis of nonavailability may not necessarily justify denial of the aid of counsel who has established a bona fide

attorney-client relationship and has engaged actively in the preparation and pre-trial strategy of a case. *United States v. Eason*, 21 U.S.C.M.A. 335, 339, 45 C.M.R. 109, 113 (1972). Appellant submits that in order to determine how and when an attorney-client relationship becomes sufficiently established to require a showing of good cause for abrogation, the facts of the case must be analyzed and compared with the particular facts of the cases in which the Court of Military Appeals considered the effect of denial of counsel upon the existence of an attorney-client relationship. We agree.

■ The Court of Military Appeals has held that where legal advice of any kind is sought from a professional legal advisor in his capacity as such, the attorney-client privilege arises for the purpose of protecting confidential communications from disclosure by the attorney in the absence of waiver, and, as a basis for requiring that an attorney avoid the appearance of conflict of interest by refraining from assisting in the prosecution of one from whom he has received related confidences. *United States v. Turley*, 8 U.S.C.M.A. 262, 24 C.M.R. 72 (1957); *United States v. McCluskey*, 6 U.S. C.M.A. 545, 20 C.M.R. 261 (1955). An attorney, who on a previous occasion has represented or advised an accused person must avoid the slightest suspicion, the very appearance, of assisting—little or much, directly or indirectly, consciously or unconsciously—in the prosecution of his erstwhile client from whom he may have acquired private information. Since an attorney is bound to avoid divulging a client's confidences to the latter's disadvantage, doubts concerning equivocal or apparently inconsistent conduct on the part of the attorney must be resolved against him—that is, it must have been regarded as having been antagonistic to the best interests of his client. *United States v. Turley, supra.* The integrity of the legal profession and our system of justice demand no less. However, the issue is different when the question is whether an attorney-client relationship has been sufficiently established for the purpose of entitling an accused to rep-resentation by requested counsel in the absence of a showing of good cause for denial of his services. *Cf. United States v. Eason, supra. Drumgo v. Superior Court*, 8 Cal.3d 930, 106 Cal.Rptr. 631, 506 P.2d 1007 (en banc 1973), *cert. denied*, 414 U.S. 979, 94 S.Ct. 272, 38 L.Ed.2d 223 (1973). An accused is entitled to be represented by military counsel of his own selection if reasonably available. Article 38(b), UCMJ, 10 U.S.C. § 838(b). We recognize that Article 38(b) must not be given grudging application in determining the reasonable availability of requested counsel. *United States v. Quinones*, 23 U.S.C.M.A. 457, 50 C.M.R. 476, 1 M.J. 64 (1975). However, the overriding policy considerations which militate against disclosure of confidential communications with an attorney or the appearance of an attorney engaging in conflicting interests by assisting in the prosecution of one from whom he has received confidences do not exist when determining whether an accused is entitled to representation by requested counsel with whom he has previously consulted but who is not reasonably available.

■ In civilian jurisprudence an accused who is entitled to appointed counsel is not entitled to select counsel of his choice although he has consulted with the requested counsel. *Drumgo v. Superior Court, supra.* A civilian accused has no right to appointment of counsel of his choice. A military accused has a right to counsel of choice if reasonably available, not merely because he consulted him. The interest of the individual accused in selecting counsel of his choice must be balanced against the interest of society in the most effective utilization of limited military legal resources to achieve and maintain a military justice system of high quality for the benefit of society as a whole and all military accused. The interest of society and the mandate of Article 38(b) tip the scale in favor of the accused requesting counsel of his choice if the requested counsel is reasonably available. In the absence of other considerations a different result ensues if requested counsel is not reasonably availa-

ble. An accused may not be denied, without good cause, the services of a requested counsel who has established a bona fide attorney-client relationship and has engaged actively in the preparation and pretrial strategy of a case. *United States v. Eason, supra.* The Court of Military Appeals has stated that the establishment of a viable attorney-client relationship is the key determinative factor reiterated throughout its decisions involving a claimed denial of an accused's right to counsel. *United States v. Catt, supra.* Analysis of these decisions reveals that a viable attorney-client relationship for the purpose of entitlement to counsel is one in which the counsel has engaged actively in the preparation and pretrial strategy of the case. *Id., United States v. Eason, supra. See also United States v. Timberlake,* 22 U.S.C.M.A. 117, 46 C.M.R. 117 (1973); *United States v. Murray,* 20 U.S.C.M.A. 61, 42 C.M.R. 253 (1970); *United States v. Tellier,* 13 U.S.C.M.A. 323, 32 C.M.R. 323, 328, 329 (1962). If the counsel has not established such a relationship and so acted, an accused is not entitled to his services unless the counsel is reasonably available. Turning to the facts of the instant case, we find that the accused's brief consultation with requested military counsel on a single occasion falls far short of the establishment of a viable attorney-client relationship such as would entitle him to representation in the absence of good cause for denial of his services. The requested counsel did not engage actively in the preparation and pretrial strategy of the case. As the record clearly establishes that the requested counsel was not reasonably available and no showing of good cause for denial of his services is required, appellant was not improperly denied the services of requested counsel.

## II

■ We reject appellant's contention that denial of a speedy *DuBay*[1] hearing mandates dismissal of charges. The standards used to measure the timeliness of pretrial and preliminary post-trial proceedings do not apply to appellate processes. *United States v. Flint,* 1 M.J. 428 (1976). A *DuBay* proceeding utilized to gather additional evidence before determining an issue presented to an appellate tribunal is part of the appellate process. *Id.* Appellant was not confined after the case was remanded for a *DuBay* hearing on the denial of counsel issue. He does not claim specific prejudice or point to any harm he has suffered by reason of delay. He alleges no bad faith or oppressive design but merely complains of unexplained delay. The assignment of error lacks merit.

## III

■ Appellant contends that the *DuBay* hearing lacked jurisdiction because the convening order failed to detail any members. His contention is without merit. As appellate Government counsel points out, the Court of Military Appeals has remanded cases to trial judges to be appointed by convening authorities for *DuBay* evidentiary hearings. *See United States v. Alexander,* 25 U.S.C.M.A. 382, 54 C.M.R. 1108 (Interim) 2 M.J. 237 (1977). The appointment of members is not a jurisdictional prerequisite for such a *DuBay* proceeding.

## IV and V

■ Appellant complains that the original staff judge advocate's review fails to summarize fairly the testimony of a key prosecution witness. Any deficiency has been waived by trial defense counsel's failure to object or comment upon the review when afforded the opportunity to do so. *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). Appellant also contends that failure to serve the subsequent staff judge advocate's review of the *DuBay* hearing in accordance with the mandate of the Court of Military Appeals in *Goode* was prejudicial error because the staff judge advocate utilized the wrong standard in determining whether appellant had formed an attorney-client relationship

---

1. *See United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

with his requested counsel. Failure to serve the staff judge advocate's review of the *DuBay* proceeding on defense counsel was error. *United States v. Robinson*, 51 C.M.R. 838, 1 M.J. 914 (N.C.M.R.1976). However, appellant has not been prejudiced by the staff judge advocate's review. The standard applied by the staff judge advocate, whether the advice and assistance of an attorney are sought and received in matters pertinent to the attorney's profession, was less stringent than the test approved by the Court of Military Appeals; that is, whether the facts show that the counsel in some manner actively engaged in the preparation and pretrial strategy of a case. In the absence of either a deliberate attempt to circumvent the *Goode* mandate or of prejudicial error no interest would be served and a timely end to litigation would be impeded by return of the record and review for consideration by defense counsel. *See United States v. Schooler*, 1 M.J. 674 (N.C.M.R. *en banc*, 1975).

The fourth and fifth assignments of error are denied.

The findings of guilty and sentence as approved on review below are affirmed.

Judge MALLERY concurs.

Senior Judge NEWTON concurs in the result.