**UNITED STATES, Appellee,**

v.

**Private (E–1) Rodney J. EDWARDS, SSN 439–88–8598, United States Army, Appellant.**

**SPCM 11250.**

U. S. Army Court of Military Review.

27 Jan. 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Buren R. Shields, III, JAGC, Captain Donald R. Jensen, JAGC, and Captain R. Wade Curtis, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Major Michael B. Kennett, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

JONES, Senior Judge:

This case is before this Court upon remand from the United States Court of Military Appeals. The issue to be considered is whether the appellant was prejudiced by service of the second staff judge advocate review upon a substitute defense counsel.

Appellant was convicted of willful disobedience of a noncommissioned officer, wrongful appropriation, and assault and battery in violation of Articles 91, 121 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 921 and 928. Upon review pursuant to Article 66, UCMJ, 10 U.S.C. § 866, this Court affirmed without opinion. The United States Court of Military Appeals, in a trailer action to *United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976), reversed and returned the record for a new review and action. That procedure was accomplished at Fort Hood, Texas. The trial and the initial review and action had been held by the 8th Infantry Division in Germany.[1]

Upon the second appellate review pursuant to Article 66, this Court again affirmed without opinion and the appellant again petitioned the United States Court of Military Appeals. He assigned no error. That Court granted the petition and specified the issue set out above.

After specification of the issue, appellate government counsel attempted to ascertain whether the new defense counsel at Fort Hood had established an attorney-client relationship with appellant, but the new counsel refused to discuss the matter with the government attorneys. The Government then filed a motion to compel disclosure, whereupon the United States Court of Military Appeals remanded the case as indicated above, directing this Court to resolve the factual matter as to the attorney-client relationship and to consider the specified issue.

This Court issued an order to the defense counsel at Fort Hood to furnish certain information as to the existence of an attorney-client relationship with the appellant. The counsel responded to the effect that: (a) counsel was never formally appointed to represent appellant; he established the attorney-client relationship when appellant came to the legal office for assistance; and when the new post-trial review was prepared, it was served on him as the attorney who had been advising appellant; (b) counsel explained the proceedings to appellant, the actions that could be taken, and his (counsel's) role as counsel for service of the post-trial review; (c) counsel did not discuss with appellant the possibility of requesting the services of the original trial defense counsel or of some other counsel and appellant never asked about such a possibility; there was no formal acceptance of counsel by the appellant and neither was there a rejection; and (d) counsel worked with appellant, discussed the issues, obtained recommendations for clemency and submitted a plea for clemency to the new convening authority.

■ Under these circumstances we find that an attorney-client relationship existed between appellant and the newly appointed defense counsel at Fort Hood. Counsel offered his services; they were accepted by appellant; and counsel acted on his behalf. *United States v. Miller*, 7 U.S.C.M.A. 23, 21 C.M.R. 149 (1956); *cf. United States v. Jones*, 4 M.J. 545 (A.C.M.R.1977).

■ We now turn to the specified issue of whether the appellant was prejudiced by service of the second post-trial review on the new, substitute counsel. We answer that question with a resounding No. As pointed out by Judge Fulton in his opinion in *United States v. Jones, supra*, the United States Court of Military Appeals has recognized that substitute counsel would oftentimes be necessary in post-trial proceedings. The language of *United States v. Silas*, 23

---

1. The appellant was transferred to the United States Disciplinary Barracks for service of confinement. After completing that period, he was reassigned to Fort Hood, Texas. His trial defense counsel remained assigned overseas.

U.S.C.M.A. 371, 50 C.M.R. 5, 1 M.J. 7 (1975), and *United States v. Palenius*, 25 U.S.C.M.A. 222, 54 C.M.R. 549, 2 M.J. 86 (1977), indicates approval of such a contingency in appropriate cases. We find this an appropriate case.

█ The opinions in *Silas* and *Palenius* demonstrate an awareness of the peculiar problems in the military from operating a criminal justice system worldwide. Rules that work well in a state situation where the courts, the penal institutions, the attorneys, and the defendants are all within a few hours drive of each other sometimes must be altered in the military setting. Permitting the substitution of counsel in the post-trial phase guarantees to an accused continuous representation, while at the same time avoids the personnel problems that would occur if only an originally appointed defense counsel could act for an accused in a particular case. Further, although the trial defense counsel had to maintain the confidentiality of his communications with appellant, the attorney-client relationship was terminated when appellate counsel was "properly designated and . . commenced the performance of [his] duties . . . ." *United States v. Palenius, supra.*[2] Also, the advantage to an accused in post-trial proceedings from a trial defense counsel's familiarity with a case diminishes with the passage of time. *United States v. Wallace*, 54 C.M.R. 876, 2 M.J. 1087 (A.C.M.R.1976). Here, more than fifteen months elapsed from trial to the new review and action. There is little likelihood the accused would have received an additional benefit from trial defense counsel.

Just as there is no legal impediment to appointing new counsel to represent an accused on appeal, *United States v. Palenius, supra*, so should there be no such impediment to appointing such counsel in the initial review phase. *United States v. Wallace, supra.* We have noticed no diminution in the quality of representation by new counsel at the appellate level and we foresee none from the substitution of new counsel at the earlier post-trial review phase. In the instant case, appellant was ably represented during the second post-trial review proceeding. We find no prejudice.

The findings of guilty and the sentence are affirmed.

Judge MITCHELL and Judge DeFORD concur.

---

**2.** There was no request by trial defense counsel for relief from further representation, as this was before the observations of Judge Perry in *United States v. Palenius*, 25 U.S.C.M.A. 222, 54 C.M.R. 549, 2 M.J. 86 (1977).