UNITED STATES, Appellee

v

LELAND DARRING, Private E–1, U. S. Army, Appellant

9 USCMA 651, 26 CMR 431

No. 11,211

Decided September 26, 1958

*First Lieutenant Herbert R. Brown* argued the cause for Appellant, Accused. With him on the brief were *Colonel Edward M. O'Connell* and *Captain Arnold I. Melnick.*

*Major Thomas J. Nichols* argued the cause for Appellee, United States.

With him on the brief were *Lieutenant Colonel John G. Lee* and *First Lieutenant Jon R. Waltz.*

## Opinion of the Court

HOMER FERGUSON, Judge:

In accordance with the terms of a pretrial agreement, the accused pleaded guilty to the offense of willfully disobeying a lawful command from his superior officer, in violation of Article 90, Uniform Code of Military Justice, 10 USC § 890. He was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for five years. Acting under the pretrial agreement, the convening authority reduced the period of confinement at hard labor to one year.

We granted the accused's petition for review to determine whether he was improperly induced to waive his right to counsel before the board of review. Consideration of this question involves the meaning and effect of paragraph 47*d* of the Department of the Army Pamphlet No. 27–10, Military Justice Handbook: The Trial Counsel and The Defense Counsel, October 1954. In pertinent part that paragraph reads:

"In discussing the accused's right to appellate representation before a board of review, the defense counsel should advise the accused frankly whether such representation is necessary or *desirable*. If it appears that nothing would be gained by the representation, he should so advise the accused. For example, if the accused pleaded guilty and received a moderate sentence, and the defense counsel knows of no errors committed at the trial, there normally would be no reason to request appellate representation. . . . If the defense counsel and the accused know of no such errors or other matters, *the accused ordinarily would gain nothing by requesting appellate representation.*

"The defense counsel should keep in mind that unnecessary *appellate representation not only wastes the time of appellate counsel but also tends to lessen his effectiveness in other meritorious cases.*" [Emphasis supplied.]

Before this Court the accused has filed an affidavit, in which he asserts in part:

"Immediately after the trial Lieutenant Goddard showed me a form and told me that I could either ask for counsel or not ask for counsel on appeal. He said there would be no need for counsel, because *all they would do was look over the case and it would be approved because of the guilty plea.* So, I didn't ask for counsel." [Emphasis supplied.]

In the same document accused asserts that his request for appointed counsel at his Article 32 (Code, supra, 10 USC § 832) investigation was ignored.

The defense counsel has also filed an affidavit before this Court, which states in part:

". . . I told Darring that in view of his guilty plea that there was little that an appellate defense counsel could do for him, but that counsel would be provided for him by the Government if he desired counsel. . . . The decision not to request appellate counsel was his and his alone. . . ."

The Uniform Code of Military Justice (Article 70(c), (d), 10 USC § 870) and the Manual for Courts-Martial, United States, 1951, paragraph 102*b*, provide the accused with a right to appellate defense counsel. Paragraph 48*j*(3) of the Manual provides that in the event of conviction, "the defense counsel will, immediately after trial, advise him [i.e., the accused] generally of his appellate rights." Clearly, a defense counsel's duty to represent an accused does not end with the court-martial findings. United States v Allen, 8 USCMA 504, 25 CMR 8. Here, defense counsel admits he merely advised the accused "there was little" that an appellate defense counsel could do in his behalf. In that advice, he misplaced the emphasis. The point is not what the accused had to *lose* but what

**653**

he. had to *gain* by appellate representation.

Not only was the emphasis misplaced but the advice was premature. It was given before the staff judge advocate had reviewed the case and before the convening authority had acted upon the findings and sentence. In this respect, however, we must acknowledge that defense counsel had some justification for his action. Paragraph 48*j*(3) of the Manual provides that:

"... The accused shall have 10 days from the date the sentence is adjudged in his case to forward a request that he be represented by appellate counsel before a board of review."

The provision has a substantial counterpart in Rule V. C. of the Uniform Rules of Procedure for Proceedings in and Before Boards of Review, which provides:

"A request for representation by appellate defense counsel will be forwarded to the convening authority for attachment to the record or dispatched to the Office of the Judge Advocate General within ten days from the date of the sentence."

If the Rule is construed to refer to a sentence as approved by the convening authority, it appears to be reasonable. But the Manual provision may not be so construed. Records of trial that have come before us indicate that the convening authority often does not act within ten days from the date a sentence has been adjudged. Obviously, knowledge of the action taken at the convening authority level is pertinent to the accused's fully informed decision to request or forego representation before the board of review.

Also open to question is the statement in paragraph 48*j*(3) of the Manual that:

"... the defense counsel will, immediately after trial, advise him [i.e., accused] *generally* of his appellate rights." [Emphasis supplied.]

Counsel's advice to his client should be specific. It should give the accused as much information of his rights as possible so that he can make an intelligent decision in regard to the appellate review of his case. Advice "immediately after trial" and before the staff judge advocate's review and the convening authority's action can obviously be premature. The action at the convening authority level might cure the prejudicial effect of errors at the trial, or, by reduction of the sentence, make the case one that is not even eligible for board of review action under Article 66 of the Uniform Code, supra, 10 USC § 866.

The questionable provisions in the Manual have apparently provided the basis for the text of the Army Pamphlet. The Pamphlet, however, goes even further and is obviously designed to discourage appellate representation of an accused in which there are "no errors committed at the trial ... or other matters" which can be availed of by an accused. This represents an unjustified intrusion into the attorney-client relationship. Congress has given the accused an unqualified right to request appellate representation. No act should be undertaken by the services to subvert that expression of Congressional will by hedging the right with extraneous conditions. A decision not to request appellate counsel should be predicated only upon the merits of an individual case and the accused's own desires; it should not be based upon considerations of service expediency, convenience, or its effect upon other and different cases.

Particularly disturbing is the practical application of the policy in the field. We know of at least one staff judge advocate of a major command who represented to The Judge Advocate General that his enforcement of the policy contemplates that, as part of a pretrial agreement:

"... the accused normally waives counsel before the board of review and agrees not to petition for re-review by USCMA."

Such application of the policy flies in the teeth of our decision in United States v Ponds, 1 USCMA 385, 3 CMR 119, in which we held that a preliminary waiver of a right to petition this Court for review is a nullity. The Pamphlet, in effect, invites defense counsel to discourage convicted persons from exercising their right to request appellate representation, not in the interest of the particular accused but in those of general expediency and of accused persons in other cases.

That brings us to the crucial question in this case. Did the accused make a knowing and informed decision to forego his right to request appellate counsel? As much as we deplore the policy of discouragement in the making of this decision, as expressed in the challenged Pamphlet, it does not, as such and by itself, deprive the accused of full information of his right to representation before a board of review. We must, therefore, look beyond the policy to the knowledge and volition of the accused. In United States v Butler, 9 USCMA 618, 26 CMR 398, the accused stated that he decided not to request counsel because he concluded counsel would not do him "much good." We held that since the proceedings before the convening authority remained uncompleted at the time of accused's decision, it was, as here, premature. We pointed out that the "wisdom of the waiver" is for the accused to decide. On the facts of the *Butler* case we found that the accused had knowingly waived his right to counsel before the board of review.

Here, as we have pointed out, the trial defense counsel mistakenly advised the accused as to what he had to *lose* and not what he had to *gain* by appellate defense representation. We also take cognizance of the fact that trial counsel was not advising a mature, intelligent, and experienced soldier; but rather a seventeen-year-old private with an eleventh grade education who had been in the service less than six months. True, the accused had previously been tried by special court-martial for an unauthorized absence, but this incident is hardly calculated to appraise him of the significance of his rights to appellate representation.

Under the circumstances of this case we are not convinced that the accused made a knowing and informed choice of his right to dispense with counsel before the board of review. In such a situation doubts must be resolved against a waiver. Johnson v Zerbst, 304 US 458, 58 S Ct 1019, 82 L ed 1461.

With regard to the accused's sworn claim that he was denied appointed counsel at his Article 32 investigation (10 USC § 832), the contention can have no effect in light of his plea of guilty. See United States v Mickel, 9 USCMA 324, 26 CMR 104.

The decision of the board of review is reversed. The record is returned to The Judge Advocate General of the Army for submission to another board of review for further proceedings in which the accused will be permitted to exercise his right to request appellate defense counsel.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

Article 70 of the Uniform Code of Military Justice, 10 USC § 870, provides that it shall be the duty of appellate defense counsel to represent an accused before a board of review if there is a request by him or if the Government is provided representation. The latter situation did not prevail in this instance, so the only question involved is whether the accused has shown good cause for failing to take advantage of the law. While I have some reservation about the sufficiency of his showing, there is some risk that the Army policy may have influenced his trial counsel to minimize the advantages of appellate counsel. For that reason, I believe the best interests of justice require that he be given a chance to exercise that right.