UNITED STATES, Appellee

v

MILTON D. WHITE, Private E–1,
U. S. Army, Appellant

9 USCMA 692, 26 CMR 472

■■■■■■■■■■■■■■■

■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

No. 11,155

Decided October 3, 1958

■■■■■    ■■■■■■■■■■■

*Colonel Edward M. O'Connell* and *First Lieutenant Gerald G. Barton* were on the brief for Appellant, Accused.

*Lieutenant Colonel John G. Lee* and *First Lieutenant Jon R. Waltz* were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This is another case concerned with the waiver of appellate representation before the board of review. ■■■■■■■ See United States v Darring, 9 USCMA 651, 26 CMR 431. The accused concedes that his defense counsel informed him of his right to counsel. Thus, in an affidavit filed with his petition for grant of review, he says "at the conclusion of my trial I was advised by my trial defense counsel . . . that I was entitled to be represented by military counsel, or by civilian counsel at my own expense before the board of review." He maintains, however, that defense counsel also told him that representation before the board of review would "do . . . [him] no good whatsoever" but that regardless of his (counsel's) opinion, the accused was "entitled to representation by counsel before the board of review." There is nothing inherently wrong in defense counsel's expression of opinion on the probable fruitfulness of appellate representation. What is important is that the accused understood his rights. United States v Darring, supra. Here the accused leaves no doubt that he was fully informed of rights to appellate representation before the board of review and that he knowingly decided not to request counsel. We must, therefore, hold him to his election.

The accused also contends that he cannot be separately punished for escape from confinement and ■■■■■■■■■ desertion. This issue was decided against him in United States v Boswell, 8 USCMA 145, 23 CMR 369.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I dissent from the holding of the majority opinion relating to ■■■■■■■■ the accused's waiver of appellate representation before the board of review.

Accused's petition for grant of review is highly critical of the policy promulgated by Department of the Army Pamphlet No. 27–10, Military Justice Handbook: The Trial Counsel and The Defense Counsel, October 1954, which we condemned in United States v Darring, 9 USCMA 651, 26 CMR 431. However, there is nothing in the record of trial to indicate an improper application of this policy in the instant case.

The difficulty here is that the accused was never in a position to make an *informed* choice as to whether or not to elect appellate representation. According to his uncontradicted affidavit, trial

**693**

defense counsel advised him that representation before the board of review would "do . . . [him] no good whatsoever," but that regardless of defense counsel's opinion he was entitled to such representation.

The majority opinion comments, "There is nothing inherently wrong in defense counsel's expression of opinion on the probable fruitfulness of appellate representation. What is important is that the accused understood his rights."

It appears patently clear to me that an opinion given by an expert in his professional capacity will be utilized by a layman in determining his future course of conduct. It is for an expression of his opinion that a lay person retains an attorney.

Moreover, the accused also maintains in his uncontradicted affidavit that, to the best of his recollection, trial defense counsel failed to mention the clemency powers of a board of review.

The Manual for Courts-Martial, United States, 1951, paragraph 48$j$(3) requires defense counsel to adequately advise his client as to these rights. It was not done in this case.

Even if the circumstances here were equivocal, which they clearly are not, the courts have always indulged every reasonable presumption against a waiver of legal representation. See Johnson v Zerbst, 304 US 458, 58 S Ct 1019, 82 L ed 1461. As Chief Judge Quinn said in United States v Michel, 9 USCMA 324, 26 CMR 104:

". . . Of course, if the accused does not know his rights, an appellate court will not 'presume acquiescence' in their loss."

I concur with the majority opinion in the disposition of the question of multiplicity as related to punishment.