UNITED STATES, Appellee

v

WALTER C. HARRISON, Private First Class,
U. S. Army, Appellant

9 USCMA 731, 26 CMR 511

No. 11,842

Decided October 3, 1958

Captain *John F. Christensen* and *First Lieutenant Thomas F. Shea* were on the brief for Appellant, Accused.

*Major Thomas J. Nichols* was on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused, after a negotiated guilty plea, was found guilty of desertion, in violation of Article 85 of the Uniform Code of Military Justice, 10 USC § 885. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years. The convening authority approved only so much of said sentence as provides for dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for ten months, postponing the execution of the dishonorable discharge by its suspension until the accused's release from confinement or the completion of appellate review, whichever should prove to be the later date.

In an affidavit to this Court, the accused claims to have waived appellate representation upon the advice of his trial defense counsel. The affidavit of trial defense counsel shows his advice to the accused was given in the spirit of the same Department of the Army policy which this Court disapproved in United States v Darring, 9 USCMA 651, 26 CMR 431. But that only means he imparted his belief that nothing could be gained by accused requesting counsel on appeal and the record overwhelmingly supports that conclusion.

There could only be two possible reasons for reversal of the decision of the board of review, and they are an uninformed waiver by the accused or advice of defense counsel predicated on policy considerations.

As to the first assigned reason, the accused in his statement before this Court concedes he executed a form which he understood to be a waiver of his right to appellate defense counsel. Well he must for he marked the column which shows that he did not desire representation before the board of review. Furthermore, he admits he was informed of his rights to military or civilian counsel, and he goes on to aver that he elected to forfeit his privilege because he was advised that representation was not justified for his period of confinement was short and he would be released in about four or five months.

The accused followed the suggestion of his counsel, but the record certainly will not sustain a reversal on the grounds that he was improperly advised. Prior to the present crime, he had twice been convicted and sentenced for absences without authority. Sentence on the last of those two previous convictions was imposed on October 17, 1956, and it included confinement for six months. The following June he committed this offense. The specification and proof show that on this occasion he remained in an absentee status for some nine months or just one month less than his total period of confinement.

732

Trial defense counsel, by way of a statement, made an excellent showing in mitigation of sentence but, in spite of his efforts, the court-martial returned a sentence which included two years in prison. However, by pretrial agreement, counsel had insured his client against confinement for more than ten months. It would thus appear that the lawyer whom accused now charges with misrepresentation obtained a very favorable agreement with the convening authority. Moreover, his efforts resulted in the staff judge advocate recommending that the accused be considered for rehabilitation.

Faced with accused's poor military record, there can be no question that when defense counsel advised the accused that appellate counsel was unnecessary, he was operating within permissible limits of sound representation. He knew that all extenuating and mitigating facts could be ascertained by a board of review from an inspection of the files, and he could presume that the members would perform their duties and read the record. He was aware of the fact that accused had been in an absentee status for some nine months, and even absence without leave for that period would support confinement for one year. Therefore, he could hardly hope for a reduction in sentence, and the only complaint on ill advice now asserted by the accused is found in his contention that his counsel was wrong when he stated that, even though accused had the right, representation by appellate counsel was not, in his opinion, justified. We cannot expect trial defense counsel to advise his client that on appeal he should level charges at his trial lawyer, and that is the only error called to our attention by anyone participating in this case. Therefore, there is nothing to be found in this record which indicates that counsel did not honestly believe appellate representation was not justified. If he was of that opinion, he was at perfect liberty to so advise the accused. Merely because his opinion happened to be within the spirit of the regulation is not to say he is barred from expressing his views. Conceding that a board of review has the power to reduce a sentence,

defense counsel can evaluate the record, weigh the possibilities of further reduction and reach his own independent conclusion. If he decides there is no error in the record or fair chance to better the sentence, he is not duty bound to inform his client to demand representation.

Defense counsel being under no such obligation and having apprised the accused of his rights, the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I vigorously dissent.

Before this Court the accused has filed an affidavit to the effect that he was advised by his trial defense counsel as to his appellate rights "within five minutes after sentence was adjudged." The affidavit further states that:

". . . He [i.e., defense counsel] informed me that this form [i.e., request for or waiver of right to counsel before board of review] would be attached to my record of trial and sent to 'Washington'. He told me that I had the right to have appellate defense counsel but that with no longer sentence than I had I wouldn't be justified in having appellate defense counsel because I wouldn't be in New Cumberland Disciplinary Barracks more than four of five months on the ten month sentence which was the period of confinement stated in a pretrial agreement with the convening authority.

"He did not use the words 'board of review' to me and spoke only of 'Washington'. He did not advise me of the powers of the board of review and made no explanation of their function.

"My original plea of guilty was the result of advice by Lieutenant Harold that if I didn't plead guilty, I would receive at least a two year sentence from the court. I, therefore, agree to plead guilty for the ten month maximum upon his advice even though I personally felt that I could not be convicted of desertion because

I had turned myself in, because 1 never lost my identity during the period that I was absent and because SFC Nance of 'B' Battery, 548th Field Artillery owed me $50.00 which I had loaned to him before I left on the three day pass from which I did not return on time."

Before this Court the accused's trial counsel has also filed an affidavit, in which he states:

". . . I informed Private First Class Harrison that in my opinion there were no errors or other matters which we could urge on appeal. *Pursuant to my advice,* Private First Class Harrison indicated that he did not desire to be represented by appellate defense counsel. *I did not advise Private First Class Harrison specifically of the powers of the board of review. . . . The pre-trial counseling of Private First Class Harrison was given in the spirit of paragraph 47d of DA Pamphlet 27–10, October 1954."* [Emphasis supplied.]

If our outright condemnation of this Army Pamphlet in United States v Darring, 9 USCMA 651, 26 CMR 431, meant anything at all, we have directly reversed ourselves within the course of a single week.

It should also be noted we stressed in Darring, supra, that advice to an accused to forego his right to appellate counsel which is given before the staff judge advocate's and convening authority's action is premature. There we said: "Obviously, knowledge of the action taken at the convening authority level is pertinent to the accused's fully informed decision to request or forego representation before the board of review." Here, according to accused's uncontradicted affidavit, his trial defense counsel advised him as to appellate rights "within five minutes after sentence was adjudged." Further comment in this respect would be superfluous.

Bouvier's Law Dictionary, 3d Rev, defines "stare decisis" as:

"To abide by, or adhere to, decided cases. *Stare decisis et non quieta movere.* It is a general maxim that when a point of law has been settled by decision, it forms a precedent which is not afterwards to be departed from."

The doctrine of *stare decisis,* from which we depart in the instant case, is a part of the fundamental structure of our legal system.

The character of an accused's prior criminal record, which is stressed in the principal opinion, should not affect his statutory right to correct legal advice.

I would reverse the decision of the board of review.