UNITED STATES, Appellee

v

ROBERT L. OUTLAW, Private E–1, and JULIO SANCHEZ-LINARES, Private E–1, U. S. Army, Appellants

9 USCMA 807, 27 CMR 75

No. 11,794

Decided October 7, 1958

*Captain Arnold I. Melnick* and *First Lieutenant Judson A. Parsons, Jr.,* were on the brief for Appellants, Accused.

*Major Thomas J. Nichols* was on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

On their pleas of guilty the accused were convicted of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and each was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for one year. In accordance with a pretrial agreement, the convening authority changed the dishonorable discharge to a bad-conduct discharge and suspended its execution for the period of confinement or appellate review, whichever occurred later.

We granted review to determine whether the accused were improperly induced to waive their right to counsel before the board of review.

Nothing in the petition for review or in the record of trial indicates that the accused were induced to waive their right to appellate representation by reason of the policy of discouragement expressed in Department of the Army Pamphlet No. 27–10, Military Justice Handbook: The Trial Counsel and The Defense Counsel, October 1954. See United States v Darring, 9 USCMA 651, 26 CMR 431. In an affidavit, the accused represent that after the trial they were called to the office of the staff judge advocate. There a Master Sergeant gave them "papers to sign" and they were not instructed as to what these papers were. They further say "It was our impression that we were having counsel given us at the Board of Review." However, each accused signed a separate form entitled "Request for Appellate Defense Counsel." Significantly, not a single one of the accused contends he did not read the form. Not a one contends he did not personally check the line on the form which says that he did not desire appellate representation before the board of review or that the checkmark was not on the paper when he signed it. The omission is particularly significant because defense counsel says that after the trial he personally advised the accused of their right to request counsel before the board of review and that he told each of them they *should* have such representation.

From defense counsel's statement, which is not disputed by the accused, it is apparent each accused knew he had affirmatively to request counsel before the board of review. Yet each signed a form, which specifically indicates he did not want appellate representation. Each form contains a note to the effect it is to be executed in quintuplicate and that the accused is to be given a copy. None of the accused denies that he read the form and that he received a copy of it. Yet at no time before this appeal did any of them call attention to the difference between their purported "impression" that they would have counsel before the board of review and the specific statement in the document that they did not desire to be so represented.

On the showing before us, we find no basis for concluding that the accused were improperly induced to waive, or were improperly deprived of, their right to counsel before the board of review.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

Judge FERGUSON concurs in the result.