UNITED STATES

v.

Staff Sergeant (E-6) James F. BATES, 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, US Army, Headquarters and Company A, 702d Maintenance Battalion, 2d Infantry Division, APO San Francisco 96224.

CM 433375.

U. S. Army Court of Military Review.

Sentence Adjudged 21 March 1975.

Decided 8 March 1976.

Appellate counsel for the Accused: CPT Ronald Lewis Gallant, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate counsel for the United States: CPT William C. Kirk, JAGC; CPT Richard T. St. Clair, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

DECISION ON FURTHER REVIEW

COOK, Judge:

This Court, in its decision, dated 5 September 1975, set aside the findings of guilty and the sentence and authorized a rehearing. This action was based upon the Court's determination that the appellant's plea was entered pursuant to a pretrial agreement which contained a provision for its automatic cancellation in the event appellant failed "to enter a plea of guilty prior to presentation of evidence on the merits," citing *United States v. Kapp*, No. 29,080, which was reversed in an asterisk footnote to *United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975).

The United States Court of Military Appeals, in its decision and order, dated 20 January 1976, reversed our decision of 5 September 1975, and returned the record to The Judge Advocate General of the Army for appropriate further proceedings, citing *United States v. Elmore*, No. 30,921, 24 U.S.C.M.A. 81, 51 C.M.R. 254, 1 M.J. 262 (1976). In *Elmore*, the Court held that the above-mentioned provision imposes no unlawful restrictions, and therefore, it cannot be regarded as contrary to public policy. The record of trial in the instant case has been returned to this Court for further review in accordance with the mandate of the Court of Military Appeals, dated 20 January 1976.

At trial the accused was defended by his regularly appointed defense counsel, Captain Canatela. After the trial, Captain Canatela was apparently reassigned out of the command where this trial occurred. The staff judge advocate's post-trial review, dated 16 May 1975, was, (in an effort to comply with the dictates of *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975)), served on Captain Shewan, another defense counsel, on that same date. Captain Shewan acknowledged receipt on 16 May 1975 but apparently decided to submit nothing because the convening authority's action was also taken on 16 May 1975. There is no explanation in the record of trial as to why the appellant's attorney-client relationship with Captain Canatela was interrupted.* There is no order in the record to establish that the convening authority appointed Captain Shewan to act for appellant in this capacity. Nor is there any indication in the record that the appellant knew of Captain Shewan's alleged representation of him. Neither is there any indication that appellant accepted or acquiesced in such representation.

For the reasons set forth in *United States v. Miller,* 51 C.M.R. 829, 1 M.J. 798 (A.C.

M.R. 1976), this Court holds that the requirements of *United States v. Goode, supra,* have not been complied with.

A new post-trial proceeding in which those requirements are fulfilled is mandated.

The action of the convening authority, dated 16 May 1975, is hereby set aside. The record of trial is returned to The Judge Advocate General for a new review and action by a different staff judge advocate and convening authority.

Senior Judge BAILEY concurs.

DeFORD, Judge, dissenting:

I dissent.

For the reasons set forth in my dissent in *United States v. Miller,* 51 C.M.R. 829, 1 M.J. 798 (A.C.M.R.1976), I would affirm the findings and sentence in this case.

---

* This Court notes, however, that subsequent to May 1975 Captain Canatela was assigned to Fort Sheridan, Illinois, and remained there at least until September 1975.