# UNITED STATES

v.

**Private (E–2) Charles D. STALEY, 471–68–7758, U. S. Army, Company C, 8th Engineer Battalion, 1st Cavalry Division, Fort Hood, Texas.**

## CM 434072.

U. S. Army Court of Military Review.

Sentence Adjudged 4 Sept. 1975.

Decided 11 June 1976.

---

5. There is wide and irreconcilable disparity in the state practice. 160 A.L.R. 767.

Appellate Counsel for the Accused: CPT Frank R. Newett, JAGC; CPT John R. Osgood, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

COOK, Judge:

Appellant was convicted on 4 September 1975 at a bench trial of eighteen charges of uttering worthless checks. All offenses were cited as violations of Article 123a, Uniform Code of Military Justice (10 U.S.C. § 923a). His approved sentence is noted *supra*.

Appellant's trial on 4 September was a rehearing. His original trial was conducted on 22 May 1975. He pled guilty on that occasion and was duly convicted of eighteen bad-check offenses.

During the course of transcribing the record of the May trial, a tape recording containing a substantial portion of the proceedings was stolen. Consequently, in his review[1] the staff judge advocate advised the convening authority that he could not approve the adjudged sentence based on a nonverbatim record of trial.[2] Although the staff judge advocate informed the convening authority that he could under these circumstances approve a special court-martial sentence,[3] he recommended against this resolution and proposed instead that a rehearing as to findings and sentence be ordered. The convening authority opted for the latter alternative.

The alleged error in the case arose because the staff judge advocate did not serve a copy of this post-trial review[4] on the trial defense counsel, as required by *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).[5] In his review the staff judge advocate explains this failure in the following language:

> "A copy of this review has not been shown to the Trial Defense Counsel, CPT Richard V. Anderson, due to the fact that he PCS'd from this command in June, 1975 for reassignment at Fort Lee, Virginia."

As this Court held in *United States v. Miller*, 2 M.J. 767 (27 Feb. 1976), and *United States v. Bates*, 2 M.J. 1274 (8 March 1976), this explanation will not suffice to deprive a defendant of the rights bestowed by the *Goode* rule. The problem caused by the absence of trial defense counsel under these circumstances can be resolved by any one of several approaches. A few that come readily to mind are:

1. If time permits, send a copy to counsel's present address by registered mail.

2. Absent sufficient time, contact counsel by telephone and read the review to him.

3. With the concurrence of the defendant, appoint a new defense counsel to perform this and other post-trial duties.[6]

---

1. Article 61, Uniform Code of Military Justice; paragraph 85a, MCM 1969 (Rev.); *see also* the penultimate full paragraph in paragraph 92a, on page 18–2, MCM 1969 (Rev.).

2. Paragraph 82b(1), MCM 1969 (Rev.); *United States v. Whitney*, 23 U.S.C.M.A. 48, 48 C.M.R. 519 (1974).

3. *United States v. Thompson*, 22 U.S.C.M.A. 448, 47 C.M.R. 489 (1973); *United States v. Ledbetter*, 48 C.M.R. 606 (A.C.M.R.1974); that this may not always be a permissible solution is evidenced by the *en banc* opinion of this Court in *United States v. Crutchfield*, 48 C.M.R. 602 (A.C.M.R.1974).

4. The requirement for a post-trial review of some description prior to an action ordering a rehearing appears mandated by the language in the provisions cited in footnote 1, *supra*.

5. " . . . , it is ordered that on and after 15 May 1975, a copy of the written review required by Article 61 . . . be served on counsel for the accused . . . ." *United States v. Goode*, 23 U.S.C.M.A. at 370, 50 C.M.R. at 4, 1 M.J. at 6.

6. *See* paragraph 48k, MCM 1969 (Rev.). This type of arrangement might be more easily effectuated if it were undertaken while the original trial defense counsel was present and able

Undoubtedly, imaginative and innovative staff judge advocates can and will readily devise other acceptable solutions to the problem created by a missing trial defense counsel in order that they may be in compliance with the *Goode* requirement. It is not a legally acceptable solution, however, to utterly ignore the Court's mandate that counsel for the accused be served with a copy of the review.[7] We hold, therefore, that the failure in this case to comply with the requirement of *United States v. Goode, supra*, was error.

This Court finds, however, in the unique context of this case, that the effects of this error have been dissipated. It is unimaginable that the trial defense counsel could have prevailed against the staff judge advocate's recommendation for a rehearing. Appellant had plead guilty at his first trial to eighteen counts of uttering bad checks. The maximum sentence the court could have imposed was a dishonorable discharge, twenty-four years of confinement, total forfeitures and reduction to the lowest enlisted grade. In lieu thereof, the court, with enlisted members, sentenced him to a dishonorable discharge, confinement at hard labor for twelve months and forfeitures of $229.00 per month for twelve months. In order to preserve these findings and anything resembling this sentence (particularly the portion as to the discharge) the convening authority had but one route. From a comparison of the defense evidence in extenuation and mitigation presented at the original trial with that presented at the rehearing, it is obvious that the trial defense counsel had no new, persuasive evidence to reveal to the convening authority that was not available for his consideration in the first review. Additionally, we notice that, except for a slight deviation as to the forfeitures, the sentence the first court imposed and that which appellant bargained

for in the original pretrial agreement were identical. We reiterate that we find that there was virtually no chance that the trial defense counsel could have dissuaded the convening authority from pursuing the course he took of ordering a rehearing.

Further, the sentence which could be imposed by the court at the rehearing held on 4 September 1975 was circumscribed by the original court-martial.[8] This represented a material benefit to appellant. Additionally, he negotiated a pretrial agreement which further reduced the maximum confinement the convening authority could approve to a six-month period. Once again he plead guilty to the same eighteen bad-check offenses and was sentenced by the trial judge to a bad-conduct discharge, confinement at hard labor for nine months, and forfeiture of $150.00 per month for nine months. Moreover, the trial judge recommended suspension of the discharge. The convening authority accepted that recommendation and made other ameliorative adjustments to the sentence when he took his final action (*see* the approved sentence noted in the heading, *supra*). Should appellant serve his sentence without further misconduct, the discharge will be remitted and he will be restored to full duty. In the face of the appellant's oft repeated admissions of guilt, the results of this case are indubitably fair and just and we find no error which may be considered prejudicial to the appellant.

The findings of guilty and the sentence are affirmed.

Senior Judge BAILEY concurs.

DeFORD, Judge, concurring separately:

I fully concur in the opinion of Judge Cook with the exception of that portion of the opinion referencing *United States v.*

---

to consult with his client on the matter of accepting a substitute counsel and to advise his replacement on possible issues.

7. It is interesting to note that although CPT Anderson was deemed inaccessible in August 1975 for the purposes of compliance with the *Goode* rule in relation to the first post-trial review in this case, he was available to act as

detailed defense counsel at the subsequent rehearing in September 1975 and to conduct the *Goode* review on the second post-trial review in November 1975.

8. Article 63(b), Uniform Code of Military Justice.

*Miller*, 2 M.J. 767 (27 Feb. 1976), and *United States v. Bates*, 2 M.J. 1274 (1976). The reference to those cases in the principal opinion appears to be used only for the purpose of reiterating the requirement for service of the post-trial review upon the defense counsel under the *Goode* rule. However, the majority opinion in those cases dealt with the requirement of service of the review on the *original* trial defense counsel and insofar as the principal opinion in this case adheres to the rule of *Miller* and *Bates, supra*, I must adhere to my dissent in those cases. *See United States v. Miller, supra.*