# UNITED STATES

v.

**Private First Class Kevin M. HAYES, 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, US Army, Headquarters and Headquarters Troop, 1st Squadron, 10th Cavalry, 4th Infantry Division (Mechanized), Fort Carson, Colorado.**

### CM 433136.

U. S. Army Court of Military Review.

Sentence Adjudged 12 Feb. 1975.

Decided 30 June 1976.

---

Appellate Counsel for the Accused: CPT Peter V. Train, JAGC; CPT John R. Osgood, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Russell S. Estey, JAGC; CPT Nancy M. Giorno, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## DECISION ON FURTHER REVIEW

COOK, Judge.

This case was tried at Fort Carson, Colorado, on 12 February 1975. On 7 November 1975 this Court set aside the action taken by the convening authority and ordered a new review and action by another staff judge advocate and convening authority. That order was complied with when on 17 February 1976 the Commanding General, Combined Arms Center and Fort Leavenworth, Fort Leavenworth, Kansas, after receiving a new post-trial review from his staff judge advocate, signed a new action.

This second review had been served on Captain Swint, a defense counsel, sometime prior to its submission to the convening authority.[1] Captain Swint noted in his statement appended to the review that, "I have advised my client of his right to submit matters to the convening authority relative to this review, and he does not desire to do so."

The appellate defense counsel now asserts that the requirement of *United States v. Goode*,[2] have not been met because the second review was served on a counsel other than the original trial defense counsel.

The proponent of this argument relies heavily on his interpretation of this Court's views as enunciated in *United States v. Miller*, 2 M.J. 767 (A.C.M.R. 27 February 1976), and *United States v. Bates*, 2 M.J. 1274 (A.C.M.R. 8 March 1976). Such reliance is misplaced.

The *Miller* and *Bates* cases do not stand for the proposition that a new defense counsel is never an acceptable substitute for the original trial defense counsel for the purpose of performing the *Goode* review.[3] Indeed, we could hardly so hold in light of the directions contained in the last paragraph of Senior Judge Ferguson's opinion for the Court in *United States v. Silas*, 23 U.S.C.M.A. 371, 50 C.M.R. 5, 1 M.J. 7 (1975) (the decision next following the *Goode* decision).

As a discerning reading of the *Miller* opinion will reveal, all that was required by that decision was that any substitution of trial level defense counsel in the post-trial situation be accomplished by the same methods and under the same standards as have traditionally been employed in other counsel substitution situations.[4] In both

---

1. ". . . [O]n and after May 15, 1975, a copy of the written review . . . [will] be served on counsel for the accused. . . ." *United States v. Goode*, 23 U.S.C.M.A. 367, 371, 50 C.M.R. 1, 4, 1 M.J. 3, 6 (1975).

2. *Id.*

3. In this Court's recent decision *United States v. Staley*, 2 M.J. 903 (A.C.M.R. 11 June 1976), we stated that, with certain safeguards,

a defense counsel could be substituted in a situation where the original defense counsel is on PCS orders.

4. *United States v. Eason*, 21 U.S.C.M.A. 335, 45 C.M.R. 109 (1972); *Stanten v. United States*, 21 U.S.C.M.A. 431, 45 C.M.R. 205 (1972); *United States v. Murray*, 20 U.S.C.M.A. 61, 42 C.M.R. 253 (1970); *United States v. Massey*, 14 U.S.C.M.A. 486, 34 C.M.R. 266 (1964); *United States*

the *Miller* and *Bates* cases the trial defense counsel was permitted to change duty stations while he still had a vital representational duty to perform, *i. e.*, the review. His replacement was selected, and acted, without the knowledge, much less the consent, of his erstwhile client. We held that under the facts in those cases such cavalier treatment of the defendant's interest was unjustifiable and so legally erroneous as to amount to a failure to comply with the *Goode* mandate.[5]

In this case, however, we have a markedly different set of facts. Appellant was tried at Fort Carson, Colorado, on 12 February 1975. The original review was served on his trial defense counsel, Captain Sperber, who, on 21 March 1975, specifically declined to submit any comments thereon. Thereafter, appellant was transferred from Fort Carson, Colorado, to the U.S. Disciplinary Barracks at Fort Leavenworth, Kansas. Primary responsibility for the conduct of the appellant's legal defense shifted from Captain Sperber to personnel of the Defense Appellate Division, United States Army Legal Services Agency, Falls Church, Virginia. The efforts of those counsel culminated in the order by this Court on 7 November 1975 for a new review and action. By that time, some eight to nine months had passed since Captain Sperber had last actively represented appellant. In recognition of this fact, and also because some 500 miles then separated the two, The Judge Advocate General in his letter of 26 November 1975 sending this case to the Commanding General, Fort Leavenworth, Kansas, directed that counsel be designated to represent appellant's interests during these new post-trial proceedings. Further, The Judge Advocate General directed that such counsel should contact and consult with appellant. It is obvious from Captain

Swint's earlier quoted statement that he did confer with appellant. We can only assume, absent evidence to the contrary, that when Captain Swint informed appellant of his capacity in these proceedings appellant acceded to the designation of Captain Swint as his counsel.[6]

In this case none of the offending facts of *Miller* or *Bates* are present, and we find no error in the procedure employed here.

The findings of guilty and the sentence are affirmed.

Senior Judge BAILEY concurs.

DeFORD, Judge, concurring in the result:

I concur in the result reached in this case. In view of the fact that I dissented in *United States v. Miller*, 2 M.J. 767 (A.C.M.R. 27 February 1976), and *United States v. Bates*, 2 M.J. 1274 (A.C.M.R. 8 March 1976), it would be inappropriate to join the majority in its opinion concerning those cases.

---

*v. Tellier*, 13 U.S.C.M.A. 323, 32 C.M.R. 323 (1962).

5. *See* footnote 1, *supra*.

6. *United States v. Miller*, 7 U.S.C.M.A. 23, 21 C.M.R. 149 (1956); as Captain Swint is a judge advocate officer, *i. e.*, a lawyer, we also assume that, as he was not the trial defense counsel, he acquainted himself with the record of trial in order to meaningfully evaluate the new staff judge advocate's review and properly advise the appellant.