UNITED STATES

v.

Private (E-2) Roy C. WILLIS, 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, US Army, Service Battery, 2d Battalion, 10th Field Artillery, 197th Infantry Brigade, Fort Benning, Georgia.

CM 434285.

U. S. Army Court of Military Review.

Sentenced Adjudged 26 Nov. 1975.

Decided 20 July 1976.

Appellate Counsel for the Accused: CPT Johnny D. Mixon, JAGC; CPT John C. Carr, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Keith H. Jung, JAGC; CPT John F. DePue, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

OPINION OF THE COURT

COOK, Judge:

Appellant was tried by a general court-martial consisting of only a military judge. In accord with his pleas, he was convicted of two specifications of robbery in violation of Article 122, Uniform Code of Military Justice (10 U.S.C. § 922).

Once again, it is necessary for us to turn our attention to the United States Court of Military Appeals' mandate in the post-trial review area as expressed in its opinion of *United States v. Goode.*[1] The mandate re-

---

1. 1 M.J. 3, 23 U.S.C.M.A. 367, 50 C.M.R. 1 (1975). *See United States v. Hayes*, 2 M.J. 912 (A.C.M.R. 30 June 1976); *United States v. Staley*, 2 M.J. 903 (A.C.M.R. 11 June 1976); *United States v. Turner*, 2 M.J. 778 (A.C. M.R. 12 March 1976); *United States v. Bates*,

quires that a copy of the review be served on the accused's counsel, thus affording him an "opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment."[2] After service of the review, counsel is given a five-day period to make whatever comments he wishes before a waiver principle is invoked. To aid in the orderly processing of the case, the Court required that proof of service, as well as counsel's corrections or comments, be made a part of the record.[3]

In the case presently before us, the post-trial review was dated 23 January 1976. Action by the convening authority was taken on the same date. In an effort to establish that the *Goode* rule was complied with, the record contains a document titled "Receipt for Review of the SJA". This receipt, signed by trial defense counsel, certifies that a copy of the review in appellant's case was furnished counsel, and no rebuttal information was to be submitted. The problem lies in the fact that this acknowledgement of service is dated 26 January 1976, three days *after* the convening authority took action.

Appellate defense counsel assert that service of the review on defense counsel "after the convening authority has taken action defeats the purpose of the *Goode* mandate and renders such service meaningless." Counsel for the Government agree that, since action was taken prior to defense counsel's response, there "has not been full compliance" with *Goode*. However, the Government argues that since the obvious purpose of *Goode* is to short-circuit potentially harmful errors before they have a prejudicial impact on the accused, no useful purpose would be served in returning this record for a new review because the existing review does not contain prejudicial error, and furthermore, the trial defense counsel has already indicated that no rebuttal will be submitted.

It is eminently clear that the Government desires, in this regard, that we follow the lead of the Courts of Review of two of our sister services. In *United States v. Vielleux,* 1 M.J. 811 (A.F.C.M.R. 26 February 1976), the Air Force Court held that in a situation where the review was served on counsel after the convening authority's action, a test for prejudice was appropriate, and since the review appeared to contain no error, there was no prejudice. Likewise, the Navy Court, in an *En Banc* decision, *United States v. Schooler,* 1 M.J. 674, No. 75 1794 (N.C.M.R. 14 October 1975), held that even a complete failure to serve the review on counsel had no prejudicial effect when, in the eyes of the Court, the review contained no error.

■ We feel these decisions are erroneous. They are both premised on an assumption that appellate courts are as capable in every instance of detecting an error in a post-trial review as is the trial defense counsel. We do not subscribe to such a conclusion. Rather we believe that trial defense counsel, totally immersed as he is in every facet of his case, has the superior vantage point from which to discern misstatements in a post-trial review concerning that case. Furthermore, by promulgating the *Goode* rule the United States Court of Military Appeals provided the principal champion of the accused with an opportunity to ferret out erroneous matters in the post-trial review. We do not believe we can sanction a deprivation of that opportunity[4] on the unverifiable premise that all

---

2 M.J. 1274 (A.C.M.R. 8 March 1976); *United States v. Miller,* 2 M.J. 767 (A.C.M.R. 27 February 1976); *United States v. Iverson,* 2 M.J. 489 (A.C.M.R. 31 December 1975); *United States v. Austin,* 51 C.M.R. 16, 2 M.J. 391 (A.C.M.R.1975), for some recent opinions of this Court dealing with *Goode* rule problems.

2. *United States v. Goode, supra,* at U.S.C.M.A. 370, 50 C.M.R. at 4, 1 M.J. at 6.

3. *Id.*

4. While this view might appear to be inconsistent with our resolution of *United States v. Staley, supra,* the facts in that case were sufficiently unique to warrant a singular result. In any event the trial defense counsel in that case received timely service of the post-trial review, *i. e.,* prior to the convening authority's final action in the case.

such errors will be detected on later review.[5]

Contrary to the expressed position taken by the Navy Court of Review in *United States v. Schooler, supra,* we read the language of *Goode* to mean that a failure to permit counsel for the accused the opportunity to comment upon a non-erroneous, adequate and non-misleading review *does* require remedial action.[6] The rule[7] clearly indicates that counsel is to be afforded an occasion to comment upon matters in the review other than those he might deem to be "erroneous, inadequate or misleading." We believe that ultimate phrase "or on which he otherwise wishes to comment" compels such a conclusion.[8] Thus in our view counsel for the accused is entitled, for example, to present a summary of the testimony in a manner more favorable to his client than the abbreviated version prepared by the staff judge advocate. Counsel may do so even though the staff judge advocate's rendition of the testimony is neither erroneous, inadequate nor misleading as a matter of law. If this interpretation of the United States Court of Military Appeals' language in *Goode* is correct, then an appellant and his counsel have been deprived of a right of incalculable significance when they are not afforded the opportunity to comment on the review prior to its presentation to the convening authority. A right, the deprivation of which cannot be considered *de minimus* and curable on appeal by the simple device of the appellate court substituting its judgment on the contents of the post-trial review for that of appellant and his counsel.

There is an additional point in the *Schooler* opinion which we feel merits a response. The argument is made that failure to provide counsel for the accused with a copy of an error free post-trial review for his comments cannot result in any prejudice to an appellant since he may still correspond with the convening authority under the aegis of paragraphs 48*k*(1) and (2), MCM 1969 (Rev.).[9] These paragraphs are concerned with clemency petitions and appellate briefs. While there is a certain facile appeal to this argument, it does not bear up under closer scrutiny. Sixteen years before the *Goode* decision, the author of that opinion dissented in a case because his brethren on the United States Court of Military Appeals would not make service of the post-trial review on trial defense counsel a mandatory requirement.[10] In that dis-

---

5. In this connection, the Navy and Air Force holdings imply that corrective action taken on an error on appeal is equivalent to relief afforded at the earlier stage when the error occurred. Obviously any incarcerated appellant would take exception to such a conclusion.

6. "We do not read this language to mean that a failure to serve counsel with an error free review must be remedied because there may be non-erroneous, adequate and non-misleading commentary upon which counsel wishes to comment." *United States v. Schooler, supra,* 1 M.J. p. 677.

7. *See* the language set out in the text to footnote 2, *supra.*

8. Further, the rule goes on to state that ". . . any such correction, challenge *or comment* which counsel shall make, shall be made a part of the record of proceedings." *United States v. Goode, supra,* 50 C.M.R. at page 4, 1 M.J. at page 6. (Emphasis supplied).

9. "k. Duties after trial. (1) *Clemency petition.* At the close of the trial or as soon thereafter as practicable, if the accused is found guilty, the defense counsel may prepare a recommendation for clemency setting forth any matters as to clemency which he desires to have considered by the members of the court or the reviewing authority. He will secure the signatures of those members of the court who have indicated their willingness to sign the recommendation, and will submit it to the trial counsel for attachment to the record of trial. See 77a.

(2) *Appellate brief.* In every court-martial proceeding, the defense counsel may, in the event of conviction, forward for attachment to the record of proceedings a brief of such matters as he feels should be considered in behalf of the accused on review, including any objection to the contents of the record which he considers appropriate (82*e*; Art. 38(c))."

10. *United States v. Beatty,* 10 U.S.C.M.A. 311, 27 C.M.R. 285 (1959). Both of Judge Ferguson's fellow judges, Quinn and Latimer, agreed that the defense counsel should normally be permitted to view the post-trial review. A view that all three judges had expressed in an earlier case, *i. e., United States v. Vara,* 8 U.S.C.M.A. 651, 25 C.M.R. 155 (1958).

sent Judge Ferguson opined that such service on counsel, prior to the convening authority's action, was essential in order to give full effect to Article 38(c)[11] UCMJ, (the statutory basis for paragraph 48k(2), MCM 1969 (Rev.)), i. e., to permit defense counsel to prepare a meaningful appellate brief.[12] It would appear that Judge Ferguson's view manifests an appreciation of the rather basic fact that effective advocacy rarely occurs where the advocate is unaware of the case being made against his client. A counsel who prepares an appellate brief or a clemency petition for presentation to a convening authority without knowledge of the contents of the post-trial review is sorely disadvantaged. He is operating with a blindfold and will succeed only by hit and miss—by pure chance. Obviously, an attorney cannot act in his most effective and professional manner under such circumstances nor should he be expected to. Therefore, we believe that a statement that paragraphs 48k(1) and (2), MCM 1969 (Rev.), provide an effective cure in a situation where defense counsel was not provided a copy of the review is patently fallacious.

And for a Parthian shot, we cannot help but observe that, were the holding in the two cited cases from our sister services to be adopted, appellate courts would continue to be engaged in the exercise of scrutinizing post-trial reviews for all manner of errors. The *Goode* rule was designed and promulgated for the purpose of halting precisely that practice.

■ To return to the case *sub judice*, affording the accused his judicially granted right after the convening authority's action has been taken, as was done in this case, is no more than a hollow gesture that we cannot sanction. The gesture is empty because such belated comments as counsel might make can have no meaningful impact. Once the convening authority's action is published, he has no power to recall and modify it.[13] We refuse to speculate as to what comments the defense counsel would have made in this case had he been afforded the right to make such comments at a time when they could have had some meaning and possible effect. A new review, after timely compliance with the *Goode* mandate, and a new action are required.

■ We also note that the trial judge authenticated the record of trial in this case on 13 January 1976. A copy of the authenticated record of trial was sent to the accused by registered mail, on 27 January 1976, 14 days after authentication and four days after action was taken. Defense counsel's examination of the record of trial is dated 26 January 1976, 13 days after authentication and three days after the action. Under the criteria established by *United States v. Cruz-Rijos*, 1 M.J. 429 (25 June 1976), there has been a complete failure of compliance with Article 54(c), UCMJ.

The action of the convening authority, dated 23 January 1976, is hereby set aside. The record of trial is returned to The Judge Advocate General for a new review and action by a different staff judge advocate and convening authority.

Senior Judge BAILEY and Judge DeFORD concur.

---

11. "(c) In every court-martial proceeding, the defense counsel may, in the event of conviction, forward for attachment to the record of proceedings a brief of such matters as he feels should be considered in behalf of the accused on review, including any objection to the contents of the record which he considers appropriate."

12. Additionally, Judge Ferguson expressed the view that defense counsel needed the post-trial review in order to properly advise his client as to his appellate rights as required by paragraph 48k(3) of the Manual citing *United States v. Darring*, 9 U.S.C.M.A. 651, 26 C.M.R. 431 (1958).

13. Paragraph 89b Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Shulthise*, 14 U.S.C.M.A. 31, 33 C.M.R. 243 (1963).