**UNITED STATES**

v.

**Private E–1 Bernard J. WALLACE 235–82–0299, U. S. Army, 902d Engineer Company, 11th Engineer Battalion (Combat), Fort Belvoir, Virginia 22060.**

**SPCM 10381.**

U. S. Army Court of Military Review.

Sentence Adjudged 24 April 1974.

Decided 30 Dec. 1976.

**1088**

Appellate Counsel for the Accused: CPT Richard E. Schmidt, JAGC; CPT Robert D. Jones, JAGC; LTC John R. Thornock, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: MAJ Michael B. Kennett, JAGC; CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION ON FURTHER REVIEW

JONES, Senior Judge:

This case is again before this Court for review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866. Previously, we directed a new review and action by a different staff judge advocate and convening authority because the original authorities were disqualified from acting. *United States v. Sierra-Albino,* 23 U.S. C.M.A. 63, 48 C.M.R. 534 (1974).

The question now before us is whether the new defense counsel appointed by the new convening authority was "counsel for the accused" as that term is used in *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). The appellant maintains that the new counsel was improperly appointed; that no attorney client relationship was ever established; and that the new counsel was therefore unable to act in his behalf. He relies on a line of cases from this Court, commencing with *United States v. Miller,* 51 C.M.R. 829, 1 M.J. 798 (A.C. M.R.1976),* to support his contention. We believe such reliance ill-advised.

In *Miller* one panel of this Court held that the same strict standards applicable to substitution of defense counsel prior to or during trial applied to substitution of counsel in the post-trial review stage; and that the same precise technical procedures for appointing counsel likewise applied. That panel declined to follow a prior contrary decision of another panel of the Court, *United States v. Iverson,* 51 C.M.R. 736, 2 M.J. 489 (A.C.M.R.1975). *Iverson,* involving a situation where the trial defense counsel was at one installation, the staff judge advocate and convening authority for post-trial review purposes were at a second installation, and the appellant was at a third installation, held that the appointment of a new defense counsel at the second installation to represent the appellant during the post-trial review proceedings was a reasonable, good faith alternative to service of the review on the original trial defense counsel.

The continued vitality of the strict rule announced in *Miller* is questionable in view of the subsequent decisions listed above, some of which can only be termed a retreat from the *Miller* position, and the latest decision of that panel in *United States v. Claussell,* —— M.J. —— (A.C.M.R. 27 October 1976). It now appears that the *Miller* holding is currently espoused by only one judge on this Court.

---

* *United States v. Bates,* 52 C.M.R. 42, 1 M.J. 841 (A.C.M.R.1976); *United States v. Staley,* 2 M.J. 903 (A.C.M.R. 11 June 1976); *United States v. Hayes,* 2 M.J. 912 (A.C.M.R. 30 June 1976); *United States v. Economu,* 2 M.J. 531 (A.C.M.R. 14 July 1976); *United States v. Willis,* 2 M.J. 937 (A.C.M.R. 20 July 1976).

It is unnecessary for this Court at this time to make an absolute choice between *Iverson* and *Miller* because of the different facts in this case. We believe our holding is not inconsistent with either *Iverson* or the most recent case in the *Miller* line of cases, *United States v. Claussell*, (A.C.M.R. 27 October 1976). Our reasoning from the facts in this case follows.

When The Judge Advocate General implemented the prior decision of this Court, he directed that a defense counsel be designated to represent the accused during the post-trial proceeding. Pursuant to that direction the new convening authority at Fort Bragg appointed a new defense counsel from that installation to represent the accused who was then on excess leave. The original trial had been held at Fort Belvoir almost two years earlier.

■ The newly appointed defense counsel made an extensive effort to contact the appellant concerning a response to the new post-trial review. Counsel was unsuccessful because of appellant's failure to keep appropriate military and postal authorities advised of his new address. Counsel made every reasonable, good faith effort to confer with appellant. Appellant cannot thwart that effort and then be heard to complain that he was unrepresented by counsel because he never formed an attorney-client relationship.

■ Appellant also argues that the staff judge advocate should have served the post-trial review on the original trial defense counsel who remained at Fort Belvoir, a few hundred miles away. It is not disputed that the trial defense counsel was still available at Fort Belvoir but almost two years had passed since that trial and any advantage he may have had over a new defense counsel because of his familiarity with the case was dissipated by the passage of time. *Cf. United States v. Hayes*, 2 M.J. 912 (A.C.M.R. 30 June 1976). Additionally, as recognized by this Court in *Hayes*, primary responsibility for appellant's legal defense had shifted from trial defense counsel to appellate defense counsel and appointment of a new defense counsel at the new installation to represent appellant's interest during the post-trial review proceedings was proper.

Finally, even if we assumed there was error as a result of the representation of appellant by the newly appointed defense counsel, we must ascertain if the error was prejudicial to the appellant. Contrary to the position taken by another panel of this Court in *United States v. Willis*, 2 M.J. 937 (A.C.M.R. 20 July 1976), we choose to follow the earlier decision of this Court in *United States v. Morgan*, No. 434159, (A.C.M.R. 20 July 1976), and the decisions of the Navy and Air Force Courts of Military Review in *United States v. Vielleux*, 2 M.J. 811 (A.F.C.M.R. 26 February 1976), and *United States v. Schooler*, No. 751794, 2 M.J. 674 (N.C.M.R. 14 October 1975), in testing for prejudice. Our review of the record discloses no prejudice and appellant has brought none to our attention.

The findings and sentence are affirmed.

Judges FULTON and FELDER concur.

**UNITED STATES**

v.

**Private E–2 Randy N. HARRIS, 437–94–2594, U.S. Army, Combat Support Company, 1st Battalion, 2d Infantry, 1st Infantry Division, Fort Riley, Kansas.**

**CM 434437.**

U. S. Army Court of Military Review.

Sentence Adjudged 17 Dec. 1975.

Decided 4 Jan. 1977.