**UNITED STATES**

v.

**Specialist Five (E–5) Robert M. ANNIS, Jr., 262–80–2407, U. S. Army, Headquarters and Headquarters Company, Division Support Command, 2d Infantry Division, APO San Francisco 96224.**

**CM 434365.**

U. S. Army Court of Military Review.

Sentence Adjudged 16 Oct. 1975.

Decided 21 Jan. 1977.

Appellate Counsel for the Accused: Donald A. Timm, Esquire; CPT Preston Wilson, JAGC; CPT Lawrence E. Wzorek, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Gay M. Holmes, JAGC; CPT William C. Kirk, JAGC; CPT John F. DePue, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

Before CARNE, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Despite his pleas to the contrary, the appellant was convicted by general court-martial in Korea of stealing approximately $5,800.00 worth of government property (steak and pot roast) in violation of Article 121, Uniform Code of Military Justice (10 U.S.C. § 921). The approved sentence is reflected above.

The principle error which has been framed by counsel is whether the appellant was prejudiced by the transfer of the trial defense counsel prior to completion of the post-trial review. We find no error and affirm.

The facts are not in dispute. The appellant was represented before and during trial by Captain Forbes. On 16 October 1975, the appellant was sentenced. Thereafter, the staff judge advocate commenced the administrative processing of the record of trial. On 12 December 1975, Captain Forbes advised the appellant of his appellate rights. Before the staff judge advocate had completed the review Captain Forbes was transferred back to the continental United States with a duty station at Fort Carson, Colorado. When the review was completed, the staff judge advocate attempted on two occasions to contact Captain Forbes by telephone in order to serve him with the review in accordance with *United States v. Goode*.[1] He then learned that the trial defense counsel was on leave in conjunction with his permanent change of station and could not be contacted. In order to insure that the appellant had legal counsel to represent him at this stage of the proceedings and to avoid any possible *Dunlap* violation, the staff judge advocate des-

---

1. *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

ignated Captain Lantz, who was stationed in the command, to act as the accused's counsel in this matter. After being so designated, Captain Lantz talked with the appellant and he informed Captain Lantz that he was seeking civilian counsel for the purpose of preparing a clemency package. Meanwhile, on 9 January 1976, the staff judge advocate was advised by Catherine R. Brown, a civilian attorney from Seoul, Korea, that she expected to be retained by the appellant and she was provided with a copy of the record of trial and a copy of the staff judge advocate's review. On 11 January 1976, the designated military defense counsel was served with the staff judge advocate's review. The civilian defense counsel on 12 January 1976, confirmed that she had been retained by the appellant and requested that Captain Lantz continue to serve as appointed defense counsel. During the same period of time, the civilian defense counsel requested extra time to prepare a petition for clemency in accordance with paragraph 48*k*(1), Manual for Courts-Martial, United States, 1969 (Revised edition). In addition, it was agreed that if the Government granted this request the accused would waive any objection to the processing time requirements of *Dunlap*. The defense counsel's request was granted and a written waiver to *Dunlap* delay was filed on 17 January 1976 by the accused's civilian defense counsel. On 28 January 1976, the civilian defense counsel on behalf of the accused submitted both a response to the staff judge advocate's review and a clemency petition to the convening authority.

In *Goode*[2] the Court of Military Appeals held that on and after 15 May 1975, a copy of the staff judge advocate's review will "be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment." The Court also provided that

if the counsel for the accused did not take advantage of this chance to comment on the review within five (5) days after "service upon him such failure will normally be deemed a waiver of any error in the review." As stated by the author judge, Senior Judge Ferguson, the purpose of the *Goode* decision was to formulate a rule which would eliminate the "continual and often repeated claims of error, plus the delay in determining their validity and correction." The practical application of this new rule was to have the inconsistencies in the review clarified before the convening authority takes his action.[3] In addition, this rule assures the accused that he will be afforded the opportunity for careful and individual sentence consideration envisioned by the Uniform Code of Military Justice, since it is at this level of review that an accused will have his "best opportunity to have his sentence tempered by mercy and to obtain an additional chance to prove his worth to his service, and his country." *United States v. Lacey*, 23 U.S.C.M.A. 334, 336, 49 C.M.R. 738, 740 (1975).

In the case at bar the *Goode* mandate has been met. Appellate defense counsel have not alleged any errors in the post-trial review nor has our examination of that document disclosed any.[4]

■ With regard to the issue of substituted defense counsel during the post-trial activities, the Court first notes that the staff judge advocate acted in good faith in appointing Captain Lantz. His efforts were designed to insure that the appellant had the assistance of counsel at all stages of the proceedings.[5] Following the appointment of Captain Lantz, the appellant employed civilian counsel to represent him during the post-trial activities. The civilian counsel then acted in behalf of her client in requesting that Captain Lantz remain in the case as the military defense counsel. The defense then submitted a *Goode* re-

2. *United States v. Goode, supra*, n.1.

3. *United States v. Myhrberg*, 2 M.J. 534 (A.C.M.R. En Banc 16 July 1976).

4. *United States v. Myhrberg, Id.*

5. See, ABA Approved Draft, 1968 "Providing Defense Services" Sec. 5.2.

sponse and a clemency petition to the convening authority. We have little doubt that the members of the defense team collaborated on these matters as it was their duty to do. No objection was ever made concerning the departure of Captain Forbes. Where, as here, the appellant's civilian counsel requests that Captain Lantz remain in the case and the defense team then acts in behalf of their client, such action clearly demonstrates acceptance of counsel[6] and the appellant cannot now be heard to complain.[7]

We have considered the other assignments of error and find them to be non-meritorious.

 Our examination of the record reveals that when the military judge advised the appellant of his rights as to allocution prior to sentencing, he did advise him of his right to make a sworn or unsworn state-

ment, however, he failed to explicitly apprise the appellant of his right to remain silent. This is error. *United States v. Hawkins*, 25 U.S.C.M.A. 23, 54 C.M.R. 23, 2 M.J. 23 (1976). The accused made an unsworn statement through his counsel. However, after careful consideration of all the facts of record, including the apparent salutary effect of the unsworn statement and the relatively light sentence, we find that the appellant was not prejudiced.

The findings of guilty and the sentence are affirmed.

---

6. *United States v. Staley*, 2 M.J. 903 (A.C. M.R. 11 June 1976).

7. We do not agree with the majority opinion in *United States v. Miller*, 51 C.M.R. 829, 1 M.J. 798 (A.C.M.R.1976), and its trailer case, *United States v. Bates*, 52 C.M.R. 42, 2 M.J. 1274 (A.C.M.R.1976) and decline to follow it.